Keith Altman (SBN 257309)
Law Offices of Keith Altman
26700 Lahser Road, Suite 401
Southfield, MI 48033
(516) 456-5885
kaltman@excololaw.com

*Attorneys for Plaintiffs*

## THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| The Estate of Alexandre Touloudjian, by and through its administrator Ad Prosequendum, Sarkis Touloudjian and Sarkis Touloudjian, in his own right,<br><br>        Plaintiff,<br><br>     vs.<br><br>California Department of Corrections and Rehabilitation, California Men's Colony, California Correctional Health Care Services, Josie Gastelo, in her individual capacity, John Doe Corrections Officers 1-10, (fictitious individuals), in their individual capacities, & John Doe Companies 1-10 (fictitious entities),<br><br>        Defendants. | **Civil Action**<br><br>Index No.<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, Plaintiffs, by and through the Undersigned Counsel, and hereby bring this Complaint against Defendants as follows:

### INTRODUCTORY STATEMENT

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived decedent of his rights secured to him by the Constitution and laws of the United States of America.

2.      In particular on January 21, 2018, Defendants violated the rights of decedent Alexandre Touloudjian by failing to keep him in a safe and secure environment where he could be kept free from injury, harm, and death, and by failing to provide him with adequate medical care and attention, in violation of the Eighth Amendment to the United States Constitution.

3.      In addition, this action is brought by Plaintiff against Defendants under the California common tort of negligence, as well as the California Tort Claims Act ("CTCA"), California Government Code, §§ 810-996.6, et., seq.

## JURISDICTION AND VENUE

4.      Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5.      Plaintiff's suit is authorized by 42 U.S.C. §1983 (allowing suits to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6.      This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7.      This case also arises under the common law and the statutory law of the State of California.

8.      This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9.      Venue is proper under 28 U.S.C. § 1391 in that the incident took place in and around the County of San Luis Obispo, California, and upon information and belief, the individual Defendants reside in or around the County of San Luis Obispo, California.

## PARTIES

10.     Plaintiff, Sarkis Touloudjian, is the duly appointed Administrator of the Estate of his late son, Alexandre Touloudjian.

11.     Defendant California Department of Corrections and Rehabilitation is a department of the State of California and owns, operates, manages, directs and controls the California Men's Colony which employs the other named and unnamed Defendants.

12.     Defendant California Men's Colony is a correctional facility belonging to the California Department of Corrections and Rehabilitation located at Colony Dr., San Luis Obispo, CA 93409.

13.     California Correctional Health Care Services, ("CCHCS"), with corporate offices located at P.O. Box 588500, Elk Grove, CA 95758, and John Doe Companies 1-10, (fictitious names representing unnamed entities), contractually provide health care services to California's prison inmate population at all 35 California Department of Corrections and Rehabilitation institutions statewide.

14.     Josie Gastelo was, at all times material hereto, the Warden of the California Men's Colony, located at Colony Drive, San Luis Obispo, CA 93409. Josie Gastelo continues to serve as the Warden of the California Men's Colony. Defendant Gastelo is sued in her individual capacity.

15.     At all times relevant hereto, Defendants, John Doe Corrections Officers 1-10, are fictitious names representing unnamed corrections officers, employed by the California

Department of Corrections and/or the California Men's Colony, located at Colony Dr, San Luis Obispo, CA 93409, who were acting under the supervision of California Department of Corrections and/or the California Men's Colony and Warden Josie Gastelo. Defendants are sued in their individual capacities.

16.     At all times relevant hereto, Defendants John Doe Companies 1-10, are fictitious names representing entities engaged by and/or providing services to the California Department of Corrections and/or the California Men's Colony, located at Colony Dr, San Luis Obispo, CA 93409., who were acting under the supervision of California Department of Corrections and/or the California Men's Colony and Warden Josie Gastelo.

### FACTUAL ALLEGATIONS

17.     Plaintiff's decedent, Alexandre Touloudjian, date of birth of January 27, 1993, was initially brought to the California Men's Colony to serve a three-year term of imprisonment following his conviction for an assault. At the time of his death, the decedent had completed two years of his aforesaid sentence and had approximately one year remaining.

18.     On January 12, 2018, Alexandre Touloudjian was admitted to the Mental Health Division at CCHCS for suicidal precautions and psychiatric treatment.

19.     Alexandre Touloudjian previously exhibited a history of suicidal attempts while incarcerated. By way of example, several days prior to this incident, the decedent attempted to jump from the second tier of the prison in a suicide attempt.

20.     A history and physical examination of Alexandre Touloudjian was conducted on January 13, 2018 at 9:57 a.m.

21.     Alexandre Touloudjian was diagnosed with undifferentiated Schizophrenia. He was then started on Risperdal, an antipsychotic medication.

22.     The decedent had also been prescribed Versed 7, a sedation medication, which was administered to him by CCHCS staff.

23. Nevertheless, prior to his death, the decedent had been taken off Versed 7 and placed on apnea protocol by CCHCS doctors.

24.     Alexandre Touloudjian attempted suicide some time prior to 1:45 p.m. on January 21, 2018.

25.     On that date, Alexandre Touloudjian was housed in a single-person prison cell in a mental health crisis unit of the California Men's Colony and was not in a protective smock.

26.     Alexandre Touloudjian was found there with "2 bags of crackers" and carrots stuffed down his throat.

27.     According to one report, Alexandre Touloudjian had been observed fifteen (15) minutes prior to his death.

28.     The official records of the California Men's Colony, indicate that Alexandre Touloudjian had been checked at 1:33 p.m., and his suicide was observed at 1:45 p.m.

29.     The official correctional records also indicate that the down time could have been as long as twelve (12) minutes before CPR was initiated at 1:47 p.m.

30.     When found, Alexandre was pulseless and apneic indicating that he had been anoxic (without oxygen) for some time, at least four (4) minutes.

31.     Alexandre Touloudjian was transferred to Dignity Health, French Hospital Medical Center, San Luis Obispo, CA under the care of Thomas Vendegna, M.D. He was documented to have severe brain damage.

32.     Dr. Vendegna had difficulty believing the official account of Alexandre Touloudjian's death. In the admission medical record Dr. Vendegna wrote, "The details of this

event are unclear as I have been told multiple different versions of the event by CMC workers, CMC security guards, EMS and Dr. Ward, the physician at CMC who arrived when the patient was loaded onto the gurney."

33.    Alexandre Touloudjian died of severe brain damage on January 29, 2018 after experiencing pain and suffering from the time of his admission at the hospital to near the time of his death.

34.    No autopsy was performed on the decedent.

35.    The cause of death was determined to be respiratory failure, severe anoxic brain injury and asphyxia. The manner of death was determined to be suicide.

**FIRST CLAIM FOR RELIEF**

**FEDERAL CONSTITUTIONAL VIOLATIONS BY
DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS AND
CALIFORNIA MEN'S COLONY.**

36.    The allegations set forth in paragraphs 1 through 35 of the Complaint are incorporated by reference as if fully set forth herein.

37.    Defendants, by and through Defendant Gastelo and other policymakers, developed policies and/or customs and/or engaged in practices which caused the deprivation of defendant Alexandre Touloudjian's constitutional rights.

38.    Said policies or practices were inherently deficient, which caused the death of Alexandre Touloudjian.

39.    Defendant California Department of Corrections, by and through Defendant Gastelo and other policymakers, negligently, recklessly, and/or intentionally acted or failed to act as follows:

a.      failed to properly train and supervise Defendants John Doe and Corrections Officers 1-10 with regard to adequately screening inmates for suicidal tendencies and other psychological problems;

b.      failed to property train and supervise Defendants John Doe and Corrections Officers 1-10 to adequately screen and monitor inmates, particularly those with a prior history of mental health issues at the California Men's Colony;

c.      failed to properly train and supervise Defendants John Doe and Corrections Officers 1-10 to maintain a safe and suitable environment, and to keep inmates safe from injury, harm or death;

d.      maintained policies and/or customs and engaged in practices that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for suicidal tendencies or other psychological problems; to be adequately monitored; and to be kept safe from injury, harm or death.

40.     The deliberate indifference of Defendant California Department of Corrections and Defendant Gastelo, as illustrated above, was a proximate cause of the constitutional violations suffered by the decedent, Alexandre Touloudjian.

41.     The violation of Alexandre Touloudjian's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant California Department of Corrections and Defendant Gastelo in an amount exceeding $1,000,000.00.

**WHEREFORE**, the Plaintiff, Sarkis Touloudjian, on behalf of the Estate of Alexandre Touloudjian and in his own right, demands judgment against the Defendants for compensatory and punitive damages, counsel fees, and all costs of suit.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND CLAIM FOR RELIEF

## LIABILITY OF DEFENDANTS JOHN DOE
## CORRECTIONS OFFICER 1 – 10 FOR
## FEDERAL CONSTITUTIONAL VIOLATIONS

42.     The allegations set forth in paragraphs 1 through 41 of the Complaint are incorporated by reference as if fully set forth herein.

43.     At all times hereto, Defendant John Doe Corrections Officers 1 – 10 were acting under color of state law as employees of the California Department of Corrections.

44.     Upon information and belief, Defendants, John Doe Corrections Officer 1 – 10 had a duty to properly screen Alexandre Touloudjian for any suicidal tendencies, or any other psychological problems.

45.  Defendants, John Doe Corrections Officer 1 – 10 also had a duty to monitor Alexandre Touloudjian. Defendants, John Doe Corrections Officer 1 – 10 should have been aware that Alexandre Touloudjian had previously exhibited suicidal tendencies and suffered from significant mental illness.

46.     Defendants, John Doe Corrections Officers 1-10 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Alexandre Touloudjian of his rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

47.     The above-described acts and omissions by Defendants, John Doe Corrections Officers 1-10 demonstrated a deliberate indifference to and a conscious disregard for the psychological needs, medical requirements and the overall safety of Alexandre Touloudjian, of which they were aware, or should have been aware.

48.     The actions of Defendant John Doe Corrections Officers 1 – 10 as set forth above, violated the late Alexandre Touloudjian's rights under the Eighth and Fourteenth Amendments to be incarcerated in a safe and suitable environment, and to be safe from injury, harm or death while incarcerated at the California Men's Colony.

49.     The violations of Alexandre Touloudjian's rights under the United States Constitutions was the fatal injury to Plaintiff's decedent, thereby entitling Plaintiff to compensatory damages from John Doe Corrections Officers 1 – 10 in their individual capacities in an amount exceeding $1,000,000.

50.     The actions of Defendants John Doe Corrections Officers 1 – 10 in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

51.     Plaintiff is entitled to recover punitive damages against Defendants John Doe Corrections Officers 1 – 10, in their individual capacities, in an amount greater than $1,000,000.

52.     Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff, Sarkis Touloudjian, on behalf of the Estate of Alexandre Touloudjian, and in his own right, demands judgment against the Defendants for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF

### SUPERVISORY LIABILITY OF DEFENDANT
### WARDEN GASTELO UNDER 42 U.S.C. § 1983

53.     The allegations set forth in paragraphs 1 through 52 of the Complaint are incorporated by reference as is fully set forth herein.

54.    At all times relevant hereto, Defendant Gastelo served as Warden of the California Men's Colony, in San Luis Obispo, California.

55.    Plaintiff is informed, believes and therefore alleges that on January 21, 2018, Defendant Gastelo was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and deliberate indifference, including the failure to adequately screen and monitor inmates, and the failure to protect inmates from injury, harm or death by staff, employees and/or corrections officers at Defendant California Men's Colony.

56.    As such, Defendant Gastelo not only directed, encouraged, tolerated, and acquiesced to this behavior, but was deliberately indifferent to the likelihood that her staff, employees and/or corrections officers would fail to properly monitor inmates and protect inmates from injury, harm or death at the California Men's Colony.

57.    The deliberate indifference of Defendant Gastelo to the need for supervision of her staff, employees and/or corrections officers was a proximate cause of the constitutional violations suffered by the decedent Alexandre Touloudjian.

58.    The violation of Alexandre Touloudjian's rights under the United States Constitution was a proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Gastelo in an amount exceeding $1,000,000.

**WHEREFORE**, the Plaintiff, Sarkis Touloudjian, on behalf of the Estate of Alexandre Touloudjian and in his own right, demands judgment against Defendant Gastelo for compensatory and punitive damages, counsel fees and all costs of suit.

### FOURTH CLAIM FOR RELIEF

**VIOLATION OF CALIFORNIA TORT CLAIMS ACT,
CALIFORNIA GOVERNMENT CODE, §§ 810-996.3, et., seq.,
DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS, CALIFORNIA
MEN'S COLONY AND WARDEN GASTELO.**

59.    The allegations set forth in paragraphs 1 through 58 of the Complaint are incorporated by reference as if fully set forth herein.

60.    Defendants, John Doe Corrections Offices 1 – 10 were acting under color of law when they failed to properly screen Plaintiff's decedent Alexandre Touloudjian for suicidal tendencies and psychological problems, failed to adequately monitor Alexandre Touloudjian while he was incarcerated at the California Men's Colony, and failed to protect Alexandre Touloudjian from injury, harm or death. The Defendants, California Department of Corrections, California Men's Colony and Warden Gastelo failed to adequately train or otherwise have and maintain effective policies regarding the screening of inmates for suicidal tendencies, prior suicide attempts or other psychological problems, the adequate monitoring of inmates, and the protection of inmates from injury, harm or death.

61.    The Defendants, California Department of Corrections, California Men's Colony and Warden Gastelo were deliberately indifferent to the likelihood that California Men's Colony staff, employees and/or corrections officers, including Defendants John Doe Corrections Officer 1 – 10, would fail to properly screen inmates for suicidal tendencies and/or psychological problems, fail to adequately monitor inmates, and fail to protect inmates from injury, harm or death at the California Men's Colony.

**WHEREFORE**, Plaintiff states a cause of action under the California Tort Claim Act ("CTCA"), California Code, Government Code, section 810-996.6, et., seq., and demands judgment against the defendants for compensatory and punitive damages, counsel fees and all costs of suit.

### FIFTH CLAIM FOR RELIEF

**WRONGFUL DEATH**
**DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS, CALIFORNIA MEN'S COLONY, WARDEN GASTELO, JOHN DOE CORRECTIONS OFFICERS, CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES AND JOHN DOE COMPANIES 1-10.**

62.     The allegations set forth in paragraphs 1 through 61 of the Complaint are incorporated by reference as if fully set forth herein.

63.     Defendants owed a duty of reasonable care to Plaintiff's decedent and to others at the California Department of Corrections and the California Men's Colony, to adequately monitor inmates, and to protect inmates from injury, harm or death at California Department of Corrections and the California Men's Colony.

64.     Defendants failed to use the requisite standard of care, subjecting the decedent, Alexandre Touloudjian, to the violation of his constitutional rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

65.     The Defendants' deliberate indifference to Alexandre Touloudjian's rights caused the death of Alexandre Touloudjian.

66.     As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and breach of other duties owed to the Plaintiff's decedent, Alexandre Touloudjian and the beneficiaries of Alexandre Touloudjian have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

67.     The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of California

**WHEREFORE**, the Plaintiff, Sarkis Touloudjian, as Administrator of the Estate of Alexandre Touloudjian, hereby demands judgment against Defendants for the wrongful death of Alexandre Touloudjian for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, post-judgment interest and counsel fees.

**SIXTH CLAIM FOR RELIEF**

**SURVIVAL ACTION**
**DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS, CALIFORNIA MEN'S COLONY, WARDEN GASTELO JOHN DOE CORRECTIONS OFFICERS, CALIFORNIA CORRECTIONAL HEALTHCARE SERVICES AND JOHN DOE COMPANIES 1-10.**

68.     The allegations set forth in paragraphs 1 through 67 of the Complaint are incorporated by reference as if fully set forth herein.

69.     Defendants owed the decedent, Alexandre Touloudjian, a duty to use reasonable care in carrying out the lawful duties associated with and required at the California Men's Colony.

70.     Defendants breached their duties when they failed to use reasonable care, were negligent, reckless, and grossly negligent, and directly and proximately caused the death of the defendant Alexandre Touloudjian. .

71.     As a direct and proximate result of said breach of duty, as described above, decedent Alexandre Touloudjian suffered fright and conscious pain and suffering during the period prior to when he was discovered in his jail cell until his death.

72.     As a direct and proximate results of the Defendants' breaches of duty, as described above, the Estate of Alexandre Touloudjian incurred funeral expenses and medical bills.

73.     Plaintiff brings a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and fright suffered by decedent Alexandre Touloudjian.

**WHEREFORE**, the Plaintiff Sarkis Touloudjian as Administrator of the Estate of Alexandre Touloudjian, hereby demands judgment against the Defendants for the survival claims of the decedent, for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

**SEVENTH CLAIM FOR RELIEF**

**NEGLIGENCE**

**DEFENDANTS CALIFORNIA DEPARTMENT OF CORRECTIONS, CALIFORNIA MEN'S COLONY, WARDEN GASTELO, AND JOHN DOES CORRECTIONS OFFICERS 1 through 10.**

74.     The allegations set forth in paragraphs 1 through 73 of the Complaint are incorporated by reference as if fully set forth herein.

75.     The California Department of Corrections and California Men's Colony had a duty to train and supervise its staff, employees and/or corrections officers on properly screening inmates for suicidal tendencies or other mental health problems, adequately monitoring inmates at the California Men's Colony, and protecting inmates from injury, harm or death.

76.     California Department of Corrections, California Men's Colony and Warden Gastelo failed to properly train and supervise their staff, employees and corrections officers on properly screening inmates for suicidal tendencies or other mental health problems, adequately monitoring inmates at the California Men's Colony, and protecting inmates from injury, harm or death.

77.     As a direct and proximate result of the negligence of California Department of Corrections and California Men's Colony, Alexandre Touloudjian took his life while in the custody of the California Department of Corrections and California Men's Colony on January 21, 2018.

78.     Plaintiffs are entitled to an award of compensatory damages against California Department of Corrections, California Men's Colony and John Doe Correctional Officers 1-10 in an amount which exceeds $1,000,000.00.

**WHEREFORE**, the Plaintiff, Sarkis Touloudjian, on behalf of the Estate of Alexandre Touloudjian and in his own right, demands judgment against the California Department of Corrections, California Men's Colony and John Doe Correctional Officers 1-10 for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

Respectfully Submitted,

Law Offices of Keith Altman

Dated: January 15, 2020        By:   */s/ Keith Altman*
    Southfield, Michigan              Keith Altman (SBN 257309)
                                      26700 Lahser Road, Suite 401
                                      Southfield, MI 48331
                                      (516) 456-5885
                                      kaltman@lawampmmt.com

                                      *Attorney for Plaintiffs*