XAVIER BECERRA
Attorney General of California
JON S. ALLIN
Supervising Deputy Attorney General
DAVID C. GOODWIN
Deputy Attorney General
State Bar No. 283322
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7342
  Fax: (916) 324-5205
  E-mail: David.Goodwin@doj.ca.gov
*Attorneys for Defendant Gastelo*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| **ESTATE OF ALEXANDRE TOULOUDJIAN, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,**<br><br>Defendants. | 2:20-cv-0520-FMO-KLS<br><br>**DECLARATION OF DAVID C. GOODWIN IN SUPPORT OF DEFENDANT GASTELO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

I, DAVID C. GOODWIN, declare:

1. I am employed by the California Department of Justice as a Deputy Attorney General. I am licensed to practice before all of the courts of the State of California, as well as the United States District Court for the Central District of California.

2. I represent Defendant Gastelo in this action.

3. Plaintiffs filed the Second Amended Complaint on November 30, 2020. (SAC, ECF No. 44.)

1

4. On December 3, 2020, I emailed Plaintiff's counsel stating that I intended to file a motion to dismiss the second amended complaint on Gastelo's behalf. I attached a letter to the email containing a summary of the arguments to be made in the motion to dismiss. They are the same arguments that Gastelo made in the motion to dismiss the original complaint and the motion to dismiss the first amended complaint. A true copy of the letter is attached as Exhibit A.

5. Plaintiff's counsel did not respond in writing to my letter, but we agreed to discuss the issues telephonically on December 7, 2020. We held a telephonic conference on that date for approximately twenty minutes.

6. First, we discussed Defendant's position that the first claim (supervisory liability), second claim (deliberate indifference), and fourth claim (survival action) fail to state cognizable claims. The arguments were based on Defendant's prior motions to dismiss and the letter sent December 3, 2020. Plaintiff's position is that the claims are well pleaded and are cognizable. We disagreed on this point.

7. Second, we discussed Defendant's position that the third claim (wrongful death) also fails to state a cognizable claim. The argument was based on Defendant's prior motions to dismiss and the letter sent December 3, 2020. Plaintiff's position is that the claim is well pleaded. We disagreed on this point.

8. Third, we discussed Defendant's position that Gastelo is entitled to qualified immunity. Again, this argument was based on Defendant's prior motion to dismiss and the letter sent December 3, 2020. We further discussed whether a denial of qualified immunity is grounds for an interlocutory appeal. We disagreed on these points.

///
///
///

9.    The positions of the parties are unchanged for the reasons more specifically briefed in Defendant's motion to dismiss the first amended complaint and could not be resolved informally during the conference.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 14, 2020, at Sacramento, California.

                                                */s/ David C. Goodwin*
                                                David C. Goodwin
                                                Deputy Attorney General

SA2020101463
34637894.docx

9.    The positions of the parties are unchanged for the reasons more specifically briefed in Defendant's motion to dismiss the first amended complaint and could not be resolved informally during the conference.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 14, 2020, at Sacramento, California.

                                              */s/ David C. Goodwin*
                                              David C. Goodwin
                                              Deputy Attorney General

SA2020101463
34637894.docx

# EXHIBIT A

**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public:  (916) 445-9555
Telephone:  (916) 210-7342
Facsimile:  (916) 324-5205
E-Mail: David.Goodwin@doj.ca.gov

December 3, 2020

*Via email only to:*
Kaltman@excololaw.com

Keith Altman
The Law Office of Keith Altman
33228 W 12 Mile Road, Suite 375
Farmington Hills, MI 48334

RE:   *Estate of Alexandre Touloudjian, et al. v. CDCR, et al.*
       U.S. District Court, Central District of California, Case No. 2:20-cv-0520-FMO-KLS

Dear Mr. Altman:

Consistent with Local Rule 7-3, and the Court's order dated November 30, 2020, please treat this letter as an effort to meet and confer regarding Defendant Gastelo's anticipated motion to dismiss the second amended complaint (SAC) filed on November 30, 2020.  (Order, ECF No. 43.)

The factual background in the SAC, as it relates to Gastelo, is identical to that in the original complaint and the first amended complaint.  There are no new facts connecting Gastelo to Decedent's suicide and there are no new legal theories asserted against her.  Gastelo therefore intends to move to dismiss the SAC on the basis that it fails to state a claim and because Gastelo is entitled to qualified immunity.

## I.   FAILURE TO STATE A SUPERVISORY LIABILITY, DELIBERATE INDIFFERENCE CLAIM, OR SURVIVAL ACTION CLAIM

A prison official violates the Eighth Amendment when (1) the deprivation of a right is "objectively, sufficiently serious," and (2) the prison official has a "sufficiently culpable state of mind."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  In prison-conditions cases, that state of mind is deliberate indifference to inmate health or safety.  *Id.* at 837.  A supervisor cannot be held liable "for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991).

December 3, 2020
Page 2

A supervisory official may be liable under section 1983 so long as there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). The requisite causal connection between a supervisor's wrongful conduct and a constitutional violation for the supervisor to be liable under section 1983 can be established by the supervisor's setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id.*

For the first claim (supervisory liability), the SAC alleges that Gastelo "was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and deliberate indifference, including the failure to adequately screen and monitor inmates, and the failure to protect inmates from injury, harm, or death by staff, employees and/or corrections officers at Defendant California Men's Colony." (SAC ¶ 54.) The SAC also alleges that Gastelo was deliberately indifferent to this behavior, and developed policies and engaged in practices that lead to Decedent's death. (*Id.* ¶¶ 55-57.) The SAC further alleges that Gastelo failed to properly train and supervise subordinate employees concerning adequate screening, adequate monitoring, and maintaining a safe environment. (*Id.* ¶ 58.) These contentions were the same as those made against the dismissed entities and Gastelo in the original complaint and against Gastelo in the first amended complaint. (*See* Compl. at ¶¶ 37-40, 55-57; *see also* FAC at ¶¶ 32-36.)

The SAC fails to state a claim for supervisory liability for two reasons. First, the SAC does not allege that Gastelo was personally involved in the events leading up to Decedent's suicide attempt on January 21, 2018. Second, the FAC does not allege any specific facts showing that Gastelo set in motion a series of acts by others, or knowingly refused to stop a series of acts by others, which Gastelo knew or reasonably should have known would cause others to inflict an injury. In fact, the SAC fails to allege any specific facts connecting Gastelo to the events surrounding Decedent's suicide attempt whatsoever. The only specific fact alleged is that Gastelo was the Warden at the relevant time. The SAC's allegations in the first claim consist only of the type of conclusory assertions which are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Hydrick v. Hunter*, 669 F.3d 937, 941-42 (9th Cir. 2012).

For the second claim (deliberate indifference), the SAC alleges that Gastelo was aware that Decedent suffered from serious mental illness, had previously attempted suicide, was at risk for further self-injurious behavior, and needed specific monitoring and protection. (FAC ¶¶ 65-66.) The SAC further alleges that Gastelo was aware that Decedent needed immediate medical care, failed to summons medical care, and failed to protect Decedent from intentional self-harm. (*Id.* at ¶¶ 67-70.) This was done with deliberate indifference to Decedent's psychological needs, and violated the Eighth and Fourteenth Amendments. (*Id.* at ¶¶ 74-75.)

December 3, 2020
Page 3

The SAC fails to state a claim for general deliberate indifference for similar reasons as the first claim. There are no specific facts showing that Gastelo—the Warden—was aware of any objectively serious risk and disregarded that risk. Even if she did know about Decedent, the allegations show that after Decedent's first attempted suicide, he was re-housed in the mental health unit, examined, diagnosed with schizophrenia, prescribed medications, and placed on "apnea protocols." (*Id.* ¶¶ 30-32, 34-37) On the date of his death, Decedent refused to take his prescribed medication risperidone. (*Id.* ¶ 39.) Yet he was in a single-person cell and was reportedly last under direct observation at most fifteen minutes before his suicide attempt. (*Id.* at ¶¶ 40, 42-43.)

The SAC further alleges that Decedent was prescribed a safety smock, a safety mattress, a safety blanket, and tooth powder on January 11, 2018. (SAC ¶ 32.) Additionally, shortly before Decedent's death, the orders for the safety smock, safety mattress, and safety blanket were cancelled. (SAC ¶ 33.) However, there are no allegations connecting this change in Decedent's cell accommodations to the attempted suffocation from food items, nor are there any allegations connecting these changes to Gastelo.

There are no facts showing that Gastelo was subjectively aware of any acute risk and deliberately ignored the risk. Furthermore, in light of the fact that Gastelo is lumped into the claim with eighteen other individuals, there also are no allegations explaining the scope or extent of each Defendant's role, relative to the others. Finally, there are no facts connecting any specific suicide-prevention policies to Gastelo.

Additionally, to challenge official conduct on substantive due process grounds under the Fourteenth Amendment, a plaintiff must show that the defendant's conduct was "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). However, the deliberate indifference standard under the Eighth Amendment requires that "a person . . . 'consciously disregard[d]' a substantial risk of serious harm." *Farmer*, 511 U.S. at 839. As discussed above, there are no specific facts that Gastelo acted with deliberate indifference. To the extent the second claim relied on the Fourteenth Amendment then it must also fail. The fourth claim (survival action) is further based on the same deliberate indifference theory, and therefore must also fail. Accordingly, the SAC's first, second, and fourth claims are legally insufficient.

## II.   FAILURE TO STATE A CLAIM FOR WRONGFUL DEATH UNDER 42 U.S.C. § 1983

The third claim purports to be for wrongful death under 42 U.S.C. § 1983. However, 42 U.S.C. § 1983 is not a source of substantive rights, and merely provides a method for vindicating specific constitutional rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The first step in any claim brought under section 1983 is to identify the specific constitutional provision allegedly violated. *Id.*

The third claim states that "Under the U.S. Constitution, because Defendants knew about Touloudjian's mental health and prior suicide attempts, Defendants were required to protect

December 3, 2020
Page 4

Touloudjian from self-harm." (SAC ¶ 82.) Further, that "Defendants failed to protect Touloudjian with deliberate indifference to his constitutional rights and this violation resulting in Touloudjian's death." (*Id.* ¶ 83.)

In addition to failing to identify the specific constitutional provision that was violated, the SAC conflates federal survival claims, which are brought on behalf of a decedent or his estate, with wrongful death claims, which are brought on behalf of the decedent's heirs for their own injuries. *J.K.J. v. City of San Diego*, 2020 WL 738178, at *2-3 (S.D. Cal. 2020). Wrongful death claims are appropriately brought under state law and are not cognizable under section 1983. *Id.* at *4. Furthermore, "wrongful death actions by a surviving relative cannot be brought under section 1983, as constitutional rights cannot be vicariously asserted." *Hernandez-Cortina v. Cty. of Riverside*, 2019 WL 403957, at *3 (C.D. Cal. 2019). The third claim for wrongful death therefore fails to state a claim.

### III.   GASTELO IS ENTITLED TO QUALIFIED IMMUNITY

Gastelo is entitled to qualified immunity as to each of the federal claims for the same reasons that are more thoroughly briefed in the motion to dismiss the original complaint and the motion to dismiss the first amended complaint. As discussed above, the SAC fails to state a cognizable claim. Additionally, the state of law regarding prison suicide prevention policies was unsettled at the time of Decedent's death. The SAC does not allege any new facts that were not already pleaded in the original complaint regarding Gastelo's involvement in Decedent's suicide. Accordingly, Gastelo will reassert that she is entitled to qualified immunity.

Please let me know in advance of our telephone conversation the basis of, and legal authority for, any disagreement you may have with my analysis of the claims asserted in the SAC. Thank you.

Sincerely,

*/s/ David C. Goodwin*

DAVID C. GOODWIN
Deputy Attorney General

For   XAVIER BECERRA
Attorney General

SA2020101463
34625026.docx