UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NO JS6

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

---

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA<br>UNITED STATES DISTRICT JUDGE |
|---|---|

| V.R. Vallery | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 45]

## Ruling

Before the court is Defendant Josie Gastelo's ("Gastelo" or "Defendant") Motion to Dismiss the Second Amended Complaint (the "Motion"). Dkt. 45. For the reasons set forth below, the court GRANTS Defendant's Motion.

## Background

The following facts are taken from the Second Amended Complaint ("SAC") and treated as admitted for purposes of the subject Motion. Dkt. 44 (SAC). Plaintiff Sarkis Touloudjian ("Plaintiff") is the duly appointed Administrator of the Estate of his late son, Alexandre Touloudjian ("Decedent"). Id. ¶ 7. At the time of his death, Decedent was two years into a three-year term of imprisonment at the California Men's Colony ("CMC"), a state prison located in San Luis Obispo, California, following his conviction for assault. Id. ¶¶ 8, 29.

Decedent was diagnosed with undifferentiated schizophrenia no later than June 14, 2017, for which he was prescribed antipsychotic medication. Id. ¶ 35. Decedent exhibited a history of suicide attempts during his incarceration, including an effort to jump from the second tier of the CMC several days before his ultimately successful suicide. Id. ¶ 31. On January 11, 2018, Decedent was placed on suicide watch by Defendant psychologist Katrina Weilbacher and was prescribed safety precautions, including a safety smock, safety mattress, safety blanket, and tooth powder. Id. ¶ 32. Decedent was admitted to the Mental Health Division at California Correctional Health Care Services ("CCHCS") for suicidal precautions and psychiatric treatment on January 12, 2018, was examined on January 13, 2018, and was administered Versed 7, a sedation medication, which was administered to him

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

by CCHCS staff.  *Id.* ¶¶ 30, 34, 36.  Before his death, CCHCS doctors ceased administering Versed 7 to Decedent and placed him on apnea protocol.  *Id.* ¶ 37.

On January 21, 2018, the day of his death, Decedent was housed in a single-person cell in the mental health crisis unit of the CMC.  *Id.* ¶¶ 39-40.  Decedent had refused to take his prescribed medicine, risperidone, and was not wearing a protective smock.  *Id.* ¶¶ 39-40.  Decedent attempted suicide sometime before 1:45 p.m.  *Id.* ¶ 38.  He was found in his cell at 1:45 p.m. with "2 bags of crackers" and carrots stuffed down his throat, and was "pulseless and apneic, indicating that he had been anoxic (without oxygen) for some time, at least four (4) minutes."  *Id.* ¶¶ 41, 46.  One CMC record indicates Decedent was checked on at 1:33 p.m.  *Id.* ¶ 43.  Other CMC "Mental Health records," however, show that on the day of Decedent's death, orders had been issued to observe Decedent approximately every eleven minutes with four minutes of leeway, but the orders were later marked as "discontinued" and not as "completed."  *Id.* ¶ 44.  According to Plaintiff, this means "the records show that Touloudjian was not observed at all on the day of his death."  *Id.*

Decedent was transferred to Dignity Health, French Hospital Medical Center in San Luis Obispo, California, and documented to have severe brain damage.  *Id.* ¶ 47.  Decedent died on January 29, 2018.  *Id.* ¶ 49.

Defendant Gastelo is, and was at all times relevant to the instant action, the warden of CMC.  *Id.* ¶ 8.  Plaintiff alleges Defendant "was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and deliberate indifference," and "not only directed, encouraged, tolerated, and consented to this behavior, but was deliberately indifferent to the likelihood that her staff, employees and/or corrections officers would fail to monitor inmates properly and protect inmates from injury, harm or death at the California Men's Colony."  *Id.* ¶¶ 54-55.

According to Plaintiff, Defendant "developed policies and/or customs and/or engaged in practices that caused the deprivation of defendant [sic] Alexandre Touloudjian's constitutional rights."  *Id.* ¶ 56.  Plaintiff further alleges Defendant failed to train and supervise properly various members of CMC's staff.  *Id.* ¶ 58.  Additionally, Plaintiff asserts claims against various nurses who were allegedly responsible for monitoring Decedent on the day of his death, doctors who were allegedly partially responsible for treating Decedent in the days before his death, and officers who were allegedly on duty in the ward where Decedent was housed on the day of his death.

Plaintiff filed the Complaint in this action on January 17, 2020 and the instant SAC on November 30, 2020.  Dkt. 1, 44.  In the SAC, Plaintiff brings causes of action for: (1) supervisory liability under 42 U.S.C. § 1983 against Defendant Gastelo; (2) federal constitutional violations against all Defendants; (3) wrongful death against all Defendants;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

and (4) "survival action" against all Defendants.

Defendant Gastelo filed the subject Motion to Dismiss the SAC on December 14, 2020.  Dkt. 45 ("Mot.").[1]  The action was transferred to this court on December 30, 2020.  Dkt. 48.  The court finds this matter appropriate for resolution without oral argument.  Fed. R. Civ. P. 78(b); Local Rule 7-15.

## Discussion

### I.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted."  The purpose of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of the claims asserted in the complaint.  *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to support a cognizable legal theory."  *Caltex Plastics, Inc. v. Lockheed Martin Corp*, 824 F.3d 1156, 1159 (9th Cir. 2016).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (internal citations omitted).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff."  *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  A court must normally convert a Rule 12(b)(6) motion

---

[1] Defendants C. Mahler, L.R. Baluso, G.C. Alano, E. Akanji, J.A. Collet, Jinwha Jong, Michael Scherbinski, Patricia Khoo, Chan Nguyen, M.J. Garcia, R.J. Wern, P.J. Fitzpatrick, S. Castillo, C.W. Kestler, J.L. Cavan, D.S. Simpson, and A.L. Gilbert are not party to the instant Motion, which is brought only by Defendant Gastelo.  Dkt. 45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

into a Rule 56 motion for summary judgment if it considers evidence outside the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.*

**II.    Supervisory Liability Under 42 U.S.C. § 1983**

To maintain a claim under 42 U.S.C. § 1983 ("Section 1983"), a plaintiff must show "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balisreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), *overruled on unrelated grounds by Twombly*, 550 U.S. at 562-63. "[T]o establish individual liability under 42 U.S.C. § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 676). Thus, vicarious liability is not available under Section 1983. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

A supervisor, however, may be held liable under Section 1983 where "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cnty. of L.A.*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citations omitted). "The requisite causal connection can be established … by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* (citation omitted; alterations in original). "Thus, a supervisor may 'be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* (citation omitted).

Plaintiff concedes the SAC does not allege "Gastelo was directly involved in the care of [Decedent] on the day of his terminal suicide attempt[,]" and that Plaintiff only pursues his claim against Gastelo under a supervisory liability theory. Dkt. 46 ("Opp.") at 7-8. Thus, the court need not assess whether the SAC successfully states a claim against Defendant for deliberate indifference on any basis other than Defendant's role as a supervisor.

A prisoner-plaintiff may state a claim under Section 1983 for a violation of the Eighth Amendment based on inadequate medical care, where the plaintiff shows: (1) the prisoner had "serious medical needs" and (2) the defendants' acts or omissions were "sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

harmful to evidence deliberate indifference" to those needs.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A heightened suicide risk or an attempted suicide is a serious medical need. *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010), *vacated*, *City of Reno v. Conn*, 563 U.S. 915 (2011)*, reinstated in relevant part*, *Conn v. City of Reno*, 658 F.3d 897 (9th Cir. 2011); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1244 (9th Cir. 2010) (citing *Lolli v. Cnty. of Orange*, 351 F.3d 410, 420 (9th Cir. 2003)) (explaining the "deliberate indifference test" in the context of suicide prevention in pretrial detention involves showing (1) a "substantial risk of serious harm" and (2) whether the officials were deliberately indifferent to that risk), *overruled on unrelated grounds by Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1070 (9th Cir. 2016).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).   "[T]he indifference to [a prisoner's] medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this [claim]." *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)) (alterations in original). Rather, deliberate indifference requires showing "a purposeful act or failure to respond to a prisoner's pain or possible medical need …."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Thus, to state a claim against Gastelo for supervisory liability, Plaintiff must show: (1) Decedent had serious medical needs; (2) officials under Gastelo's supervision exhibited deliberate indifference to Decedent's medical needs; and (3) a sufficient causal connection between Gastelo's conduct and the constitutional violation.

Defendant argues the SAC fails to allege facts sufficient to support a Section 1983 claim based on Defendant's supervision of CMC officials.   Dkt. 45-1 ("Mot. Br.") at 7-9. According to Defendant, the SAC contains no allegations Defendant was directly involved with Decedent or the events leading up to Decedent's suicide and instead relies on "conclusory generalizations regarding unidentified policies, customs, and practices."  *Id*. at 7 (citing SAC ¶¶ 54-61).

Plaintiff responds the SAC properly alleges Defendant "was personally involved in failing to ensure suicidal prisoners with serious mental health issues were protected …." Opp. 5.   Plaintiff explains Defendant is the warden of CMC and "had personal oversight over the health and safety of the prison population," and Defendant was aware of and developed CMC's deficient suicide prevention policies.  *Id*. at 6-7.   Plaintiff relies on the Ninth Circuit's decision in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), in which the court held the Supreme Court's decision in *Ashcroft v. Iqbal* left undisturbed Ninth Circuit case law holding a prisoner-plaintiff may pursue a Section 1983 claim against prison supervisors, such as where the plaintiff can show culpable action or inaction by the defendant supervisor in the training,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

supervision, or control of subordinates.  *Id.* at 1205-07.

The court agrees with Defendant that the SAC fails to allege specific facts sufficient to show Defendant violated Decedent's constitutional rights.  While *Starr* stands for the proposition that Plaintiff may pursue a supervisory liability claim, *Starr* nonetheless examined the sufficiency of the pleadings in light of *Iqbal* and determined the complaint successfully alleged the defendant's knowledge of constitutional violations and "culpable action or inaction in the training, supervision, or control of his subordinates."  *Starr*, 652 F.3d at 1208-09; *see also id.* at 1208-1212 (listing specific allegations).  The court found the allegations in *Starr* met the standard the Supreme Court articulated in *Iqbal*, namely, that a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Starr*, 652 F.3d at 1208 ("disagree[ing]" with the dissent's view that the allegations did not satisfy the pleading standards of *Iqbal*); *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (explaining "conclusory allegations and generalities" regarding alleged constitutional violations are insufficient to state a claim under Section 1983).

Here, as to Defendant's knowledge of alleged constitutional violations, Plaintiff alleges: "Defendant Gastelo was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and deliberate indifference, including the failure to adequately screen and monitor inmates, and the failure to protect inmates from injury, harm or death by staff, employees and/or corrections officers at Defendant California Men's Colony."  SAC ¶ 54.  These allegations do not rise above conclusory statements and need not be taken as true, as Plaintiff alleges no "factual content," even on information or belief, that allows the court to infer reasonably that Gastelo knew officials under her supervision were deliberately indifferent to Decedent's known and significant risk of suicide.  *See Iqbal*, 556 U.S. at 678; *Clouthier*, 591 F.3d at 1242-43.

As to Defendant's actions or inaction, Plaintiff alleges Defendant "not only directed, encouraged, tolerated, and consented to this behavior, but was deliberately indifferent to the likelihood that her staff, employees and/or corrections officers would fail to monitor inmates properly and protect inmates from injury, harm or death at the California Men's Colony."  *Id.* ¶ 55.  As above, Plaintiff alleges no facts showing Defendant "directed, encouraged, tolerated, [or] consented to" any act amounting to deliberate indifference to Decedent's significant risk of suicide, and relies only on conclusory allegations that are insufficient to state a claim under Section 1983.  *See Hydrick*, 669 F.3d at 942.

Plaintiff further alleges "Defendant Gastelo developed policies and/or customs and/or engaged in practices that caused the deprivation of [Decedent's] constitutional rights," without identifying the specific policies, practices, or customs at issue.  *Id.* ¶ 56.  Plaintiff generally alleges Defendant Gastelo (1) "failed to properly train and supervise the Officer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

Defendants and the Medical Defendants concerning adequately screening inmates for suicidal tendencies and other psychological problems;" (2) "failed to train and supervise the Officer Defendants and the Medical Defendants properly to adequately screen and monitor inmates, particularly those with a prior history of mental health issues at the California Men's Colony;" (3) "failed to properly train and supervise the Officer Defendants and the Medical Defendants to maintain a safe and suitable environment, and to keep inmates safe from injury, harm or death;" and (4) "maintained policies and/or customs and engaged in practices that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for suicidal tendencies or other psychological problems; to be appropriately monitored; and to be kept safe from injury, harm, or death."  *Id.* ¶ 58.

In *Hydrick*, 669 F.3d at 942, the Ninth Circuit held the plaintiffs' allegations against civil commitment hospital officials were insufficient to state claims under Section 1983 because the allegations were "bald and conclusory."  (internal quotation marks and citation omitted).  The *Hydrick* plaintiffs alleged the defendants violated their Fourth Amendment rights with "'policies, practices and customs [that] subject[ed] [Plaintiffs] to unreasonable searches; searches as a form of punishment; degrading public strip searches; improper seizures of personal belongings; and the use of unreasonable force and physical restraints.'"  *Id.* (brackets in original).  The court found these claims insufficient because "there [was] no allegation of a *specific* policy implemented by the Defendants or a *specific* event or events instigated by the Defendants that led to these purportedly unconstitutional searches."  *Id.*

The plaintiffs further alleged the defendants had violated the plaintiffs' First Amendment rights because "'Defendants ha[d] personal knowledge of retaliation against [the Plaintiffs] for participation in lawsuits, but Defendants' policies, practices and customs permit[ted] and encourage[d] retaliation.'"  *Id.*  The court similarly concluded "there [was] no allegation of a specific policy or custom, nor [were] there specific allegations regarding each Defendant's purported knowledge of the retaliation."  *Id.*  In reversing the district court's denial of the defendant's motion to dismiss, the *Hydrick* court explained, "[t]he absence of specifics is significant" and "[e]ven under a 'deliberate indifference' theory of individual liability, the Plaintiffs must still allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates."  *Id.*

As with the above allegations regarding Defendant Gastelo's action or inaction, Plaintiff does not allege any specific facts tending to show Defendant was deliberately indifferent to the risk of inmate suicide in general or Decedent's risk of suicide in particular, and consciously disregarded the risk when implementing, or failing to implement, the alleged training and policies.  Under *Hydrick*, Plaintiff's allegations that, for example, Gastelo "maintained policies and/or customs and engaged in practices that were deliberately indifferent to the constitutional rights of inmates," SAC ¶ 58, are insufficient because "there is no allegation of a specific policy" or declination to implement a specific policy, such that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

court could infer Defendant acted with, or supervised subordinates who acted with, deliberate indifference to Decedent's suicide risk. *Hydrick*, 669 F.3d at 942 (emphasis omitted).

For the above reasons, the court finds Plaintiff has failed to allege the existence of an underlying constitutional violation that bears a sufficient causal connection to Gastelo's allegedly wrongful conduct. *See Rodriguez*, 891 F.3d at 798. The court, therefore, GRANTS Defendant's Motion as to Plaintiff's first claim for relief against Defendant Gastelo for supervisory liability under Section 1983.[2]

Defendant moves to dismiss Plaintiff's survival action claim on the same grounds Plaintiff's supervisory liability claim fails, as the survival action is similarly based on alleged deliberate indifference. Mot. Br. 9, 11; SAC ¶ 90. Plaintiff did not respond to this argument in his opposition. *See generally* Opp. Typically, "failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (internal quotation marks and citation omitted) (collecting cases). Accordingly, the court GRANTS Defendant Gastelo's Motion as to Plaintiff's fourth claim for survival action.

### III.     Qualified Immunity

Defendant Gastelo next argues she is entitled to qualified immunity because the law regarding prison suicide prevention policies was unsettled in 2018. Mot. Br. 13-17.

Qualified immunity protects government officials from civil liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Qualified immunity is analyzed under a two-prong inquiry. *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *overruled in part on other grounds by Pearson*, 555 U.S. at 236. First, the court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury … show [that] the [defendant's] conduct violated a constitutional right[.]" *Id.* Second, the court must determine whether the right was clearly established at the time of the alleged violation. *Id.* Courts have discretion to decide which of the two prongs to analyze first. *Pearson*, 555 U.S. at 236. "[W]hether a constitutional right was violated … is

---

[2] While Plaintiff styles his second claim for relief as against "ALL DEFENDANTS," Plaintiff conceded in his opposition that Plaintiff only pursues his claim against Defendant Gastelo under a supervisory liability theory as stated in the first claim for relief. Opp. 7-8. The court, therefore, does not consider whether Plaintiff has sufficiently alleged claims against Gastelo under a direct theory of liability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

a question of fact." *Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1085 (9th Cir. 2009). "[T]he 'clearly established' inquiry is a question of law that only a judge can decide." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017).

Plaintiff presents two theories for why Defendant Gastelo is not entitled to qualified immunity, the first premised on Gastelo's supervision of subordinates and the second premised on Gastelo's implementation of suicide prevention policies. Opp. 10-11. Thus, to show Gastelo is not entitled to qualified immunity, Plaintiff "must show that, given the available case law at the time of [Decedent's suicide], a reasonable [prison warden], knowing what [Gastelo] knew, would have understood" either (1) that her supervision of subordinates "presented such a substantial risk of harm to [Plaintiff] that the failure" to supervise them properly in a manner that would have prevented Decedent's suicide was unconstitutional, or (2) that her implementation of, or failure to implement, additional or different suicide prevention policies was unconstitutional. *See Horton v. City of Santa Maria*, 915 F.3d 592, 600 (9th Cir. 2019) ("Horton must show that, given the available case law at the time of his attempted suicide, a reasonable officer, knowing what Officer Brice knew, would have understood that failing to check on Horton immediately after the phone call with Yvonne presented such a substantial risk of harm to Horton that the failure to act was unconstitutional.").

As to the first theory, as explained above, Plaintiff has failed to allege facts sufficient to show Gastelo committed a constitutional violation in her supervision of subordinates. Plaintiff only alleges, in conclusory fashion, that Defendant knew of constitutional violations amounting to deliberate indifference and encouraged or was deliberately indifferent to the violations, which does not state a claim for relief. Thus, Plaintiff fails to show Defendant's conduct violated a constitutional right. *See Saucier*, 533 U.S. at 201.

As to the second theory, regarding Gastelo's implementation of or failure to implement "adequate mental health treatment and suicide prevention services[,]" Opp. 12, Defendant argues the Supreme Court has held that no such right to suicide prevention protocols exists under its precedent. Mot. Br. 14-16. Plaintiff responds such a right exists and is clearly established. Opp. 9-10.

A government official's conduct violates a clearly established right when, at the time of the challenged conduct, the contours of the right are sufficiently clear that every reasonable official would have understood that what he was doing violated that right. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). "The plaintiff bears the burden of demonstrating that the right at issue was clearly established." *Kramer v. Cullinan*, 878 F.3d 1156, 1164 (9th Cir. 2018). To determine whether a right is clearly established, a court should first look to binding precedent. *Chappell v. Mandeville*, 706 F.3d 1052, 1056 (9th Cir. 2013). In the absence of binding precedent, a court may look to decisions of state courts, other circuits,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

and district courts. *Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014).

Defendant cites *Taylor v. Barkes*, 135 S. Ct. 2042 (2015), for the proposition that Decedent enjoyed no clearly established constitutional right to adequate suicide prevention policies. Mot. Br. 14-16. In *Taylor*, the Supreme Court explained, "No decision of this Court establishes a right to the proper implementation of adequate suicide prevention protocols. No decision of this Court even discusses suicide screening or prevention protocols." *Taylor*, 135 S. Ct. at 2044. The Court further surveyed disparate decisions from the Circuit Courts of Appeals to conclude that "the weight of … authority at the time of Barkes's death [in 2004] suggested that such a right did *not* exist." *Id.* (emphasis in original).

Plaintiff cites district court orders in *Coleman, et al. v. Brown, et al.*, Case No. 2:90-cv-0520 (E.D. Cal.), for the proposition that there is a "clearly established" "right to adequate mental health treatment and suicide prevention practices" under the Eighth Amendment. Opp. 4-5, 10. Specifically, Plaintiff cites a portion of an unpublished district court order, dated February 27, 2013, which quotes a published district court order adopting a magistrate judge's recommendation of the appointment of a special master to report on suicide prevention in California prisons. *See Coleman v. Brown*, No. 2:90-cv-0520-LKK-JFM-P, 2013 U.S. Dist. LEXIS 29338, at *23 (E.D. Cal. Feb. 27, 2013) ("*Coleman II*") (quoting *Coleman v. Wilson*, 912 F. Supp. 1282, 1297 (E.D. Cal. 1995) ("*Coleman I*")). Plaintiff additionally cites the subsequent district court order in *Coleman*, dated January 24, 2018, in which the court appointed special master reported continuing suicide prevention issues in two state prison facilities. *See Coleman v. Brown*, No. 2:90-cv-0520-KJM-DB-P, 2018 U.S. Dist. LEXIS 15351, at *3-7 (E.D. Cal. Jan. 24, 2018) ("*Coleman III*").

In *Coleman I*, 912 F. Supp. at 1301, the district court concluded, "The Constitution requires defendants to provide inmates in their custody with access to adequate mental health care[,]" but further recognized, "[t]he Constitution does not … prescribe the precise mechanisms for satisfying its mandate to provide access to adequate mental health care." To define the minimum constitutional standards of mental health care in prison, the *Coleman I* court cited the six "basic components of a constitutionally adequate [mental health] system" outlined in *Balla v. Idaho State Bd. of Corr.*, 595 F. Supp. 1558, 1577 (D. Idaho 1984) (citing *Ruiz v. Estelle*, 503 F. Supp. 1265, 1339 (S.D. Tex. 1980)):

> First, there must be a systematic program for screening and evaluating inmates in order to identify those who require mental health treatment. [Citations.] Second, … treatment must entail more than segregation and close supervision of the inmate patients. Third, treatment requires the participation of trained mental health professionals, who must be employed in sufficient numbers to identify and treat in an individualized manner those treatable inmates suffering from serious mental disorders. [Citations.] Fourth, accurate, complete, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

confidential records of the mental health treatment process must be maintained.   Fifth, prescription and administration of behavior-altering medications in dangerous amounts, by dangerous methods, or without appropriate supervision and periodic evaluation, is an unacceptable method of treatment.   Sixth, a basic program for the identification, treatment and supervision of inmates with suicidal tendencies is a necessary component of any mental health treatment program.   [Citation.]

*Balla*, 595 F. Supp. at 1577 (*cited in Coleman I*, 912 F. Supp. at 1301).

    Plaintiff has failed to meet his burden to show these six criteria constitute a clearly established constitutional right such that his claims for Gastelo's alleged failure to implement certain mental health policies would survive qualified immunity.   Plaintiff's citation to a single district court order is not sufficient to show a reasonable official would have had "fair warning" that the failure to implement particular suicide prevention policies is unconstitutional, *Chappel*, 706 F.3d at 1056, particularly in light of Supreme Court precedent holding "such a right did *not* exist."   *Taylor*, 135 S. Ct. at 2044 (emphasis in original).   Additionally, the SAC fails to allege facts that would tend to show Gastelo's supervision of subordinates resulted in a failure to implement the foregoing criteria.   The SAC is silent on the specific policies Gastelo implemented or failed to implement, Gastelo's role in those policy decisions, and Gastelo's supervision of others with respect to the policy decisions.   *See* SAC ¶¶ 56, 58.   Thus, Plaintiff fails to state a claim under *Coleman* that survives qualified immunity.

    Plaintiff further contends such a right exists under *Clouthier*, 591 F.3d at 1245.   Opp. 10-11.   *Clouthier* held a pretrial detainee has a clearly established due process right under the Fourteenth Amendment to be free from deliberate indifference to the detainee's "mental health needs that resulted in the detainee's suicide."   *Id.* at 1245.   In that case, a mental health specialist, who knew a pretrial detainee was suicidal and had been given direction to constantly monitor the detainee to ensure his safety, removed the detainee from the prison's suicide prevention observation log, told the deputies he could be given regular clothes and regular bedding, failed to instruct officers to keep him in the suicide prevention observation room, and neglected to determine if additional care was needed.   *Id.* at 1244-45.   The Ninth Circuit held that the mental health specialist was not entitled to qualified immunity, on summary judgment, holding there was a genuine dispute of fact as to whether the defendant was deliberately indifferent to the detainee's risk of suicide.   *Id.* at 1244-45.

    *Clouthier* stands for the proposition that qualified immunity may be denied where "there was an imminent, rather than chronic, suicide risk that was ignored by [a] defendant officer[] who [was] aware of that looming risk."   *M.B. III v. California*, Case No. 2:17-cv-02395-WBD-DB, 2019 U.S. Dist. LEXIS 21111, at *16 (E.D. Cal. Feb. 8, 2019).   Here, in contrast, Plaintiff does not plead any specific facts to establish Gastelo implemented or failed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

to implement any suicide prevention policies that established a deliberate indifference related to a known imminent risk of suicide by Decedent. SAC ¶¶ 56, 58. Thus, *Clouthier* is inapposite.

Finally, Plaintiff cites *Horton*, 915 F.3d at 600, for the proposition that "there are circumstances where a failure to prevent suicide can form the basis for liability and lead to the denial of qualified immunity." Opp. 11. *Horton* does not support Plaintiff's argument regarding qualified immunity. In *Horton*, the Ninth Circuit held a defendant officer was entitled to qualified immunity because, given what the defendant knew of the detainee's suicidal risk, "a reasonable officer would not have known that failing to attend to [the detainee] immediately would be unlawful under the law at the time of the incident." *Horton*, 915 F.3d at 601.

Here, like in *Horton*, Plaintiff does not plead sufficient facts to establish Gastelo implemented or failed to implement policies that demonstrate deliberate indifference to imminent risks of suicide known to Defendant. That there may be circumstances where a failure to prevent suicide can form the basis of a denial of qualified immunity is insufficient to establish that Plaintiff has pleaded sufficient facts to warrant a denial of qualified immunity. *See id.* (distinguishing *Clouthier*, explaining a reasonable jury could conclude based on the facts of *Clouthier* that the defendant officer should have perceived there was a substantial risk the detainee would attempt suicide). The *Horton* court distinguished the holding in *Clouthier* for the same reason articulated in *M.B. III*, namely, the decedent in *Clouthier* posed an imminent suicide risk to which the defendant was deliberately indifferent. *Id.*; *M.B. III*, 2019 U.S. Dist. LEXIS 21111, at *15-16.

In sum, Plaintiff has failed to allege sufficient facts to establish Gastelo violated a constitutional right under *Coleman*, *Balla*, *Clouthier*, or *Horton*. Therefore, the court GRANTS Defendant Gastelo's Motion to Dismiss as to Plaintiff's theory of liability based on Gastelo's development of policies and/or customs.

**IV.    Wrongful Death Claim**

Constitutional rights cannot be vicariously asserted under Section 1983. *See, e.g., Hernandez-Cortina v. Cnty. of Riverside*, Case No. 5:18-cv-01579-DDP (SPx), 2019 U.S. Dist. LEXIS 15932, at *9 (C.D. Cal. Jan. 30, 2019) (citing *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1165 (C.D. Cal. 2018)). As courts have explained, a wrongful death claim ordinarily applies to state claims brought by relatives of the decedent to recover for their own injuries. *Hernandez-Cortina*, 2019 U.S. Dist. LEXIS 15932, at *9-10 (collecting cases); *see also J.K.J. v. City of San Diego*, Case No. 3:19-cv-2123-CAB-RBB, 2020 U.S. Dist. LEXIS 25967, at *9-10 (S.D. Cal. Feb. 13, 2020) (recognizing a "wrongful death cause of action 'is wholly statutory in origin'"). Because such claims vicariously assert

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-00520-FLA (KSx) | Date | May 24, 2021 |
| Title | Estate of Alexandre Touloudjian, et al. v. California Department of Corrections and Rehabilitation, et al. | | |

constitutional rights suffered by the decedent, "'wrongful death' actions by a surviving relative cannot be brought under Section 1983 …." *Hernandez-Cortina*, 2019 U.S. Dist. LEXIS 15932, at *3; *see also, e.g.*, *J.K.J.*, 2020 U.S. Dist. LEXIS 25967, at *10; *Cavanaugh v. Cnty. of San Diego*, Case No. 3:18-cv-02557-BEN-LL, 2020 U.S. Dist. LEXIS 212779, at *136-38 (S.D. Cal. Nov. 12, 2020) (collecting cases).

     Defendant moves to dismiss Plaintiff's third claim for wrongful death on the grounds such a claim is not cognizable under Section 1983. Mot Br. at 11. Plaintiff did not respond to this argument in his opposition. *See generally* Opp.; Dkt. 47 ("Reply") at 1. As explained above in connection with Plaintiff's survival action claim, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue. *Stichting Pensioenfonds ABP*, 802 F. Supp. 2d at 1132. As Plaintiff failed to respond to Defendant's arguments in his opposition brief, the court deems this argument admitted. Plaintiff's claim also fails as a matter of law to the extent he seeks to impose liability under Section 1983 for harm suffered vicariously by Decedent's surviving relatives. Thus, amendment would be futile and the court GRANTS Defendant's Motion to Dismiss Plaintiff's third claim for wrongful death as against Defendant Gastelo without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**Conclusion**

     For the foregoing reasons, the court GRANTS Defendant Gastelo's Motion to Dismiss in all respects. Plaintiff shall have 20 days' leave from the date of this order to file an amended complaint.

     **IT IS SO ORDERED.**

                                                                                                                                                         _____ : _____

                                           Initials of Preparer   vrv