Keith Altman (SBN 257309)
The Law Office of Keith Altman
33228 W 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(248) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| **ESTATE OF ALEXANDRE TOULOUDJIAN, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,**<br><br>Defendants. | 2:20-cv-0520-FLA(KSx)<br><br>Judge:Hon. Fernando L. Aenlle-Rocha<br>Trial Date:   None set<br>Action Filed: 1/17/2020<br><br>Scheduling Conference<br>Date:<br>Time:<br>Courtroom: |

## JOINT RULE 26 REPORT

**I.     Statement of the Case**

    **a. Plaintiff's Statement**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived decedent of his rights secured to him by the Constitution and laws of the United States of America. In particular on January 21, 2018, Defendants violated the rights of decedent Alexandre Touloudjian by failing to keep him in a safe and secure

1

environment where he could be kept free from injury, harm, and death, and by failing to provide him with adequate medical care and attention, in violation of the Eighth Amendment to the United States Constitution.

Plaintiff's Decedent, Alexandre Touloudjian, date of birth of January 27, 1993, was initially brought to the California Men's Colony to serve a three-year term of imprisonment following his conviction for an assault. At the time of his death, the Decedent had completed two years of his aforesaid sentence and had approximately one year remaining.

On January 12, 2018, Alexandre Touloudjian was admitted to the Mental Health Division at CCHCS for suicidal precautions and psychiatric treatment. Touloudjian previously exhibited a history of suicidal attempts while incarcerated. By way of example, several days before this incident, the Decedent attempted to jump from the second tier of the prison in a suicide attempt.

A history and physical examination of Touloudjian was conducted on January 13, 2018 at 9:57 a.m. Touloudjian was diagnosed with undifferentiated schizophrenia. He was then started on Risperdal, an antipsychotic medication. The Decedent had also been prescribed Versed 7, a sedation medication, which was administered to him by CCHCS staff. Nevertheless, before his death, the Decedent had been taken off Versed 7 and placed on apnea protocol by CCHCS doctors.

Alexandre Touloudjian attempted suicide sometime before 1:45 p.m. on January 21, 2018. On that date, Alexandre Touloudjian was housed in a single-person prison cell in a mental health crisis unit of the California Men's Colony and was not in a protective smock. Touloudjian was found there with "2 bags of crackers," and carrots stuffed down his throat. The official records of the California Men's Colony, indicate that Touloudjian had been checked at 1:33 p.m., and his suicide was observed at 1:45 p.m.

The official correctional records also indicate that the down time could have been as long as twelve (12) minutes before C.P.R. was initiated at 1:47 p.m. When found, Alexandre was pulseless and apneic, indicating that he had been anoxic (without oxygen) for some time, at least four (4) minutes. Touloudjian was transferred to Dignity Health, French Hospital Medical Center, San Luis Obispo, CA, under the care of Thomas Vendegna, M.D. He was documented to have severe brain damage.

Dr. Vendegna had difficulty believing the official account of Alexandre Touloudjian's death. In the admission medical record, Dr. Vendegna wrote, "The details of this event are unclear as I have been told multiple different versions of the event by C.M.C. workers, C.M.C. security guards, E.M.S. and Dr. Ward, the physician at C.M.C. who arrived when the patient was loaded onto the gurney."

Touloudjian died of severe brain damage on January 29, 2018, after experiencing pain and suffering from the time of his admission at the hospital to near the time of his death. No autopsy was performed on the Decedent. The cause of death was determined to be respiratory failure, severe anoxic brain injury, and asphyxia. The manner of death was determined to be suicide.

Plaintiff brings this suit seeking damages for supervisory liability of Warden Josie Gastelo under 42 U.S.C. § 1983 and violations of Decedent's Eighth and Fourteenth Amendment rights (deliberate indifference) by Gastelo and Doe Defendants under 42 U.S.C. § 1983.

### b. Defendant's Statement

Defendant denies that she was aware of any acute threat to Decedent's safety during the relevant time. Decedent was under the active care of mental health staff, who had been provided with appropriate resources and training, at all times material to the action. Defendant asserts she is entitled to judgment as a matter of law on each of Plaintiffs' claims. Defendant further asserts that she is entitled to qualified immunity.

## II. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## III. Legal Issues

### a. Plaintiff's Statement

Plaintiff agrees with Defendant's statement.

### b. Defendant's Statement

Defendant contends that the key legal issues in this case are (1) whether Plaintiff's Third Amended Complaint states a cognizable claim for relief; (2) whether Defendant violated Decedent's Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment; and (3) whether Defendant is entitled to qualified immunity.

Legal questions may also arise in discovery disputes, including whether certain records maintained by California Department of Corrections and Rehabilitation (CDCR) are subject to discovery or a protective order. Defendant anticipates unusual legal issues may arise in light of the long-running prisoner class action concerning CDCR's delivery of mental health care, *Coleman v. Newsom*, No. 2:90-cv-0520-KJM-DB (E.D. Cal.). Counsel will meet and confer in an effort to resolve such issues without motion practice.

## IV. Parties

### a. Plaintiff

Plaintiffs Estate of Alexandre Touloudjian and Sarkis Touloudjian are represented by Keith Altman.

Aside from Defendant's list below, Plaintiff also intends to call as witness a corporate representative from California Department of Corrections and

Rehabilitation, California Men's Colony, and California Correctional Health Care Services.

### b. Defendant

Defendant Josie Gastelo was the warden at California Men's Colony (CMC) and is represented by Deputy Attorney General David Goodwin and Supervising Deputy Attorney General Jon Allin of the California Department of Justice.

Defendant identifies herself and the following CDCR staff as potential witnesses. Defendant anticipates many of the following individuals will ultimately not be material witnesses, but are nonetheless listed because they are identified in reports generated after Decedent's attempted suicide, and the reports will be identified in Defendant's initial disclosures.

1. M. Rocha, Associate Warden (A) at CMC
2. S. Wilhite, Correctional Captain (A) at CMC
3. P. Meyers, Administrator of the Day at CMC
4. M. Ayon, Public Information Officer at CMC
5. M. Fernandez, Correctional Lieutenant at CMC
6. J. Lamb, Correctional Lieutenant at CMC
7. J. Hill, Correctional Sergeant at CMC
8. R. Cohen, Correctional Sergeant at CMC.
9. J. Cavan, Correctional Officer at CMC
10. R. Shannon, Correctional Officer at CMC
11. R. Fowlds, Correctional Officer at CMC
12. S. Castillo, Correctional Officer at CMC
13. O. Medrano-Soto, Correctional Officer at CMC
14. Martinez, Correctional Officer at CMC
15. J. Montoya, ISU Correctional Officer at CMC
16. F. Briseno, ISU Correctional Sergeant at CMC

17. Mahler, Registered Nurse at CMC
18. K. Widger, Registered Nurse at CMC
19. T. Tesfaye, Registered Nurse at CMC
20. Welkum, Registered Nurse at CMC
21. T. Nettleton, Senior Registered Nurse at CMC
22. Dr. J. Haar, Chief Medical Executive at CMC
23. M. Scherbinski, Clinical Psychologist at CMC
24. Dr. Patel, Physician and Surgeon at French Community Hospital
25. Dr. T. Vendenga, Physician and Surgeon at French Community Hospital
26. Dr. Ward, Medical Officer of the Day at CMC
27. Roy Linn, Sheriff's Department Coroner Detective
28. S. Adair, Psychologist at CMC

### c. Key Documents
#### i. Plaintiff's Statement

- Complete medical records of Alexandre Touloudjian
- Complete incident report of the death of Touloudjian
- Policies and procedures of the prison with respect to management of suicidal inmates
- Complete work records of named Defendants
- Work log of staff involved with the incident
- Previous complaints associated with management of suicidal prisoners.

#### ii. Defendant's Statement

Other Key Documents will include contemporaneous reports generated by CDCR staff on or around January 21, 2018, and involving the incident on that date, which Defendant will disclose in the initial disclosures, and Decedent's medical

records. Documents will also include policies and procedures regarding the delivery of mental health care and suicide-prevention protocols at CMC.

### V. Insurance

The parties are unaware of any applicable insurance agreements.

### VI. Magistrate Judge

The parties do not consent to the case being assigned to a magistrate judge to preside over this action for all purposes.

### VII. Discovery

#### a. Plaintiff's Statement

Plaintiff intends to make use of all available discovery tools including interrogatories, document requests, requests for admission, and depositions. Given the identification of 28 percipient witnesses by Defendant plus corporate representatives, it is likely that Plaintiff will need more than 10 depositions and requests that the number of depositions allowed by Plaintiff be increased to 20 absent further request to the Court. Furthermore, Plaintiff intends to notice a deposition under Fed. R. Civ. P. 30(b)(6) of non-parties California Department of Corrections and Rehabilitation, California Men's Colony, and California Correctional Health Care Services.

Plaintiff proposes the following discovery deadlines based on the current claims. This is a complex case with more than 30 possible witnesses and medical testimony which is likely to be complex.

#### b. Defendant's Statement

Defendant intends to serve Plaintiffs with written discovery requests regarding witnesses and the evidence supporting Plaintiffs' claims. Defendant further intends to depose Plaintiff Sarkis Touloudjian. Based on the responses to that discovery,

7

Defendant may conduct additional depositions and written discovery as appropriate regarding the evidence supporting Plaintiffs' claims and damages.

Defendant does not believe that more than ten depositions will be necessary. As discussed above, the individuals are listed because they are identified in reports generated after Decedent's suicide. Defendant anticipates that many of those individuals will ultimately not be material witnesses.

Defendants propose the following discovery deadlines based on the current claims. If new parties or claims are added, the following deadlines may need to be modified. By agreement of both sides, the proposed dates are intended to accommodate defense counsel David Goodwin's current status on extended leave, returning on July 5, 2022.

c. **Parties' Proposed Schedule**

(1) Deadline to serve Rule 26 initial disclosures: August 4, 2022

(2) Deadline to serve non-expert written discovery: May 25, 2023

(3) Deadline to complete non-expert discovery and file motion to compel: July 13, 2023

(4) Expert disclosure deadline: October 26, 2023

(5) Rebuttal expert disclosure deadline: December 7, 2023

(6) Deadline to complete expert discovery and file motion to compel: January 18, 2024

d. **Motions**

Plaintiff expects to amend the complaint to add the true names of certain Doe Defendants once their identity has been determined.

Defendant does not currently plan to bring a motion to add other parties or claims, file amended pleadings, or transfer venue.

**VIII.    Class Certification**

Not applicable.

## IX. Dispositive Motions

### a. Plaintiff's Statement

The ruling on Defendant's Motion to Dismiss was filed May 3, 2022.

### b. Defendant's Statement

Defendant filed a motion to dismiss the Third Amended Complaint on August 25, 2020, which was ruled on May 3, 2022. Defendant anticipates bringing a motion for summary judgment as to all of Plaintiffs' claims. The motion for summary judgment may include but will not be necessarily limited to Defendant's entitlement to judgment as a matter of law on Plaintiffs' claims and on qualified immunity.

Defendant proposes the following deadline:

(1) Deadline to file dispositive motions: March 7, 2024

## X. Settlement/Alternative Dispute Resolution

The parties have not yet engaged in settlement negotiations. A Notice to Parties of Court-Direct ADR Program was filed in this case. The parties agree that a settlement conference with the magistrate judge in Santa Barbara would be appropriate after all dispositive motions have been resolved.

## XI. Pretrial Conference and Trial

The Parties propose the following dates:

(1) Pretrial Conference: May 30, 2024
(2) Trial: June 27, 2024

## XII. Trial Estimate

### a. Plaintiff's Statement

Plaintiff Demands a jury trial. Because discovery has not yet commenced, Plaintiff is unaware of the number of witnesses they will call. Plaintiff expects to

call eight to ten witnesses, some of which may be coincident with those of Defendant. Additional expert testimony is expected. Given that Plaintiff has the burden of proof, Plaintiff estimates that it will need six days for its case in chief.

### b. Defendant's Statement

Defendant demands a jury trial. At this stage of the litigation, Defendants are unaware of the number of witnesses they will call. Defendant anticipates calling ten to twelve percipient witnesses regarding liability, in addition to one to two non-rebuttal expert witnesses. Defendant anticipates that her case-in-chief regarding liability would take approximately four days. Defendant anticipates an additional four to five percipient witnesses regarding damages, and two non-rebuttal expert witnesses, requiring an additional day for Defendant's case regarding damages, for a total of five days for Defendant's case in chief.

## XIII. Trial Counsel

### a. Plaintiff

Keith Altman (SBN 257309)

The Law Office of Keith Altman

33228 W. 12 Mile Road, Suite 375

Farmington Hills, MI 48331

keithaltman@kaltmanlaw.com

(248) 987-8929

### b. Defendant

Defendant will be represented at trial by Deputy Attorney General David Goodwin. Defendant anticipates at least one additional trial counsel, who has not yet been identified.

## XIV. Independent Expert of Master

The parties do not expect to need an independent expert of master at this time.

### XV. Other Issues

The parties are currently unaware of other issues besides that discussed below but reserve the right to revise or supplement this report.

Electronically Stored Information: Consistent with Rule 26(f)(3)(C), the parties agree to meet and confer if any issues arise regarding the discovery of electronically stored information (ESI).

Electronic Service Re: Discovery: Per the Federal Rules of Civil Procedure, the parties agree to electronic service of discovery documents not electronically filed with the court. Documents that are too large to be served electronically may still be served in hard copy by mail, but hard copies of documents that are served electronically are not needed.

Dated: May 19, 2022      /s/ Keith Altman
Keith Altman
The Law Office of Keith Altman
*Attorneys for Plaintiff*

Dated: May 19, 2022      ROB BONTA
Attorney General of California


/s/ Jon Allin
JON ALLIN
Supervising Deputy Attorney General
*Attorneys for Defendant Gastelo*

The attorney filing this document attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing. *See* L.R. 5-4.3.4(a)(2)(i).

11

| | | |
|---|---|---|
| 1 | Dated: May 19, 2022 | **/s/ Keith Altman** |
| 2 | | KEITH ALTMAN |
| | | *Attorney for Plaintiff* |