UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ALEXANDRE TOULOUDJIAN et al., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., <br><br> Defendants. | Case No. 2:20-cv-00520-FLA (KSx) <br><br> **ORDER DENYING STIPULATION TO MODIFY SCHEDULING ORDER [DKT. 85]** |

1

On May 24, 2023, the parties filed a Stipulation to Modify the Scheduling Order ("Stipulation"). Dkt. 85. The parties request the court extend pretrial and trial dates in this action, on the grounds that they will not be able to complete fact discovery by the current fact-discovery cut-off date of June 16, 2023. *Id.* at 4.

To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause showing); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting that the standard focuses on a party's diligence and that "the inquiry should end" when diligence is not shown). The parties do not meet their burden.

Defendant Josie Gastelo ("Gastelo" or "Defendant") states she plans to file a Motion for Summary Judgment, but will not be able to complete discovery in time to prepare properly for the Motion. Dkt. 85 ¶ 14.

Gastelo appeared in this action on May 6, 2020. Dkt. 12. The court issued the initial Scheduling Order in this action on September 2, 2020. Dkt. 34. According to Defendant, she served Plaintiff with interrogatories, requests, for admissions, and requests for the production of documents on April 26, 2023. Dkt. 85 ¶ 11. Defendant does not offer any facts or explanation regarding her efforts to complete discovery prior to April 26, 2023 or to establish that she could not have completed discovery reasonably within the time allowed. Defendant, thus, fails to demonstrate diligence and good cause for the requested extension. *See Johnson*, 975 F.2d at 609.

Plaintiffs Estate of Alexandre Touloudjian and Sarkis Touloudjian ("Plaintiffs") state they propounded discovery on October 2, 2020 and January 2023, and served deposition notices in March and May 2023. Dkt. 85 ¶¶ 4, 7, 9. Plaintiffs do not present any facts to establish diligence between 2020 and January 2023. *See Johnson*, 975 F.2d at 609. Although the parties state they have been

2

working cooperatively to complete fact discovery and identify the witnesses Plaintiff seeks to depose, Dkt. 85 ¶ 15, Plaintiff's desire and intent to depose as of yet unidentified witnesses is insufficient to establish good cause for the requested continuance.[1]

Accordingly, the court DENIES the Stipulation in its entirety. The dates and deadlines stated in the court's July 25, 2022 Scheduling Order remain unchanged.

IT IS SO ORDERED.

Dated: June 1, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[1] To the extent the parties contend they delayed conducting discovery while awaiting rulings on dispositive motions, the court's September 2, 2020 Scheduling Order states "absent exceptional circumstances, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss or motion for protective order." Dkt. 34 at 2 (emphasis in original). Furthermore, the court issued its Order granting in part and denying in part Defendant's Motion to Dismiss the Third Amended Complaint (Dkt. 68) on May 3, 2022. The parties do not offer any facts to establish diligence between May 3, 2022 and January 2023.