Keith Altman (SBN 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 W 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(248) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| **ESTATE OF ALEXANDRE TOULOUDJIAN, et al.,**<br><br>    Plaintiff,<br><br>vs.<br><br>**JOSIE GASTELO, in her individual capacity,**<br><br>    Defendants. | 2:20-cv-0520-FLA-KS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT**<br><br>Date:  08/11/2023<br>Time: 1:30 p.m.<br>Courtroom: 6B<br>Judge: Hon. Fernando L. Aenlle-Rocha |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT PROCEDURAL HISTORY

Plaintiff commenced this action on January 17, 2020. Thereafter, the parties began exchanging discovery. Discovery has been ongoing since. Defendants have been served with Plaintiff's 30(b)(6) deposition topics long ago. Defendants failed to have a witness sit for the first 30(b)(6) deposition until May 17, 2023. During such deposition, Plaintiff's learned of an individual that should be named as a Defendant. Not naming the individual as a Defendant would severely prejudice the Plaintiff. As such, Plaintiff brings forth the present motion.

## LEGAL STANDARD

A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. See Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although [Rule 15] should be interpreted with 'extreme liberality' . . . leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). The Ninth Circuit considers five factors in determining whether to grant a plaintiff leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Learjet, Inc. v. ONEOK, Inc.*, 715 F.3d 716, 738 (9th Cir. 2013) (citation omitted). Leave to amend lies "within the sound discretion of the trial court," and the court "must be guided by the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

## ARGUMENT

### I. PLAINTIFF IS ENTITLED TO AMEND HIS COMPLAINT TO ADD PARTIES

The proposed Fourth Amended Complaint does little more than add one Defendant to already present causes of action. No new causes of action are added. Aside from identifying Teresa Macias, the Chief Exeutive Officer, whom Plaintiff has learned is in charge of healthcare, dental care and mental health care. Attached to this motion is the proposed Fourth Amended Complaint and a redlined version showing the changes.

Per the *Learjet* court, five factors are considered in determining whether this Motion should be granted: " (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."

### a. Bad faith by the moving party.

A simple review of the filings and the discovery that has taken place thus far demonstrates no bad faith here by the plaintiff. Plaintiff believes it is unlikely that there would be any alleged bad faith in response. Should bad faith be raised in response to this Motion, Plaintiff will reply accordingly.

### b. There was no undue delay in filing the proposed amended complaint.

Discovery is ongoing and more information is available now that could not have been and was not available to the plaintiff before the filing of this motion. This information includes evidence that additional people were involved in violating Plaintiff's constitutional rights and therefore are appropriate defendants.

On May 17, 2023, Plaintiff took the deposition of Josie Gastelo. This was the first available date provided for deposition with the witness At which time, Plaintiff learned that Teresa Macias was involved in violating Plaitniff's constitutional rights and should be added as a Defendant in the present matter. Plaintiff was unaware of Teresa Macias' involvement until May 17, 2023.

A second 30(b)(6) deposition of Associate Warden M. Rocha, Jr. was scheduled to take place June 23, 2023. The deposition failed to go forward. With the courtesy of the court's and the parties time in mind, Plaintiff waited to file the present motion until after the scheduled 30(b)(6) deposition in order to alleviate the potential for an additional motion based on new evidence.

Thus, Plaintiff did not unduly delay the filing of the Fourth Amended Complaint seeking to name Teresa Macias as a Defendant as it would not have been possible before May 17, 2023.

### c. Prejudice to the opposing party.

Counsel for Plaintiff and Defendant had numerous discussions over the last year concerning scheduling of the 30(b)(6) depositions. Further, there was a prior amendment to the operative complaint to resolve the Doe Defendants. Plaintiff was not provided with Teresa Macias' involvement in the violation of Plaintiff's consititutional rights until last month through a 30(b)(6) deposition. Thus there is no prejudice to Defendant, nor was there any surprise that the Plaintiff would seek to add Teresa Macias as a Defendant having newly discovered information.

### d. Futility of the amendment.

A review of the current operative complaint and the proposed Fourth Amended Complaint demonstrates that this complaint identifies a single new Defendant, which we Plaintiff became away of through a discovery deposition provided in the last thirty days. Amending to add a newly identified Defendant is not futile.

A mere cursory review of the proposed Fourth Amended Complaint reveals that it would survive a 12(b)(6) motion. The facts are pleaded with sufficient particularity that Plaintiff has stated a claim for each count as to each Defendant. Without an adjudication, there is no evidence that Plaintiff's proposed changes are futile.

### e. Previous Amendments.

Plaintiff has previously amended the complaint as pertinent new evidence has been presented through discovery.

## CONCLUSION

In view of the foregoing, plaintiffs respectfully request that this Court grant their motion to amend the complaint.

Dated: June 30, 2023

|   |   |   |
|---|---|---|
| 1 |  | Respectfully Submitted, |
| 2 |  | THE LAW OFFICE OF KEITH ALTMAN |
| 3 |  |  |
| 4 | By: | */s/ Keith Altman* |
|   |  | Keith Altman (SBN 257309) |
| 5 |  | THE LAW OFFICE OF KEITH ALTMAN |
|   |  | 33228 W 12 Mile Road, Suite 375 |
| 6 |  | Farmington Hills, MI 48334 |
| 7 |  | (248) 987-8929 |
|   |  | keithaltman@kaltmanlaw.com |

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |

I hereby certify that on June 30, 2023, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished via the CM/ECF system.

*/s/ Keith Altman*
Keith Altman, Esq.