ROB BONTA
Attorney General of California
CHAD A. STEGEMAN
Supervising Deputy Attorney General
CORINNA S. ARBITER
Deputy Attorney General
State Bar No. 273074
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 321-5799
 Fax:  (619) 645-2061
 E-mail:  Corinna.Arbiter@doj.ca.gov
*Attorneys for Defendant*
*J. Gastelo*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| **ESTATE OF ALEXANDRE TOULOUDJIAN, et al.,**<br><br>                              Plaintiff,<br><br>     v.<br><br>**J. GASTELO,**<br><br>                              Defendants. | 2:20-cv-00520-FLA-KS<br><br>**OBJECTIONS TO PLAINTIFFS' EVIDENCE SUBMITTED IN OPPOSITION TO DEFENDANT GASTELO'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          August 18, 2023<br>Time:          1:30 p.m.<br>Courtroom:  43<br>Judge:         Hon. Fernando L. Aenlle-Rocha<br>Trial Date:   October 31, 2023<br>Action Filed: January 17, 2020 |

COMES NOW Defendant J. Gastelo and submits the following objections to Plaintiffs' facts in support of their Opposition to Gastelo's Motion for Summary Judgment. Because Plaintiffs did not file a Statement of Additional Facts, Gastelo's counsel added the statements headed as "Additional Statement of Facts" in Plaintiffs' Opposition at 4:24-5:27, 7:6-9[1] and 9:13-17[2], ECF No. 102 to Gastelo's Response to Plaintiffs' Disputes of Material Facts and Additional Material Facts in Support of Motion for Summary Judgment filed concurrently herewith to comply with the Local Rules and this Court's Standing Order. Plaintiffs' additional facts are numbered sequentially beginning with Fact 36, which follows Gastelo's last Statement of Undisputed Facts (SUF) 35 in order to comply with the Court's Standing Order. Gastelo's objections correspond these numbers. Plaintiffs' facts and citations are set forth as written in their Opposition.

| Material Objected To | Grounds for Objection |
|---|---|
| 1. Plaintiffs' Additional Fact # 36.<br><br>The way in which inmates are housed in the institution falls under the supervisory umbrella of Defendant Gastelo.<br><br>Exhibit A, Gastelo Dep. at pg. 13-14. | Violates the Best Evidence Rule. Federal Rules of Evidence (FRE) 901-902.<br><br>Misstates Evidence. FRE 902.<br><br>Irrelevant. FRE 401. |
| 2. Plaintiffs' Additional Fact # 38.<br><br>Food service falls under the control of the Warden, Gastelo.<br><br>Exhibit B, Rocha Dep. at pg 13. | Violates the Best Evidence Rule. FRE 901-902.<br><br>Misstates Evidence. FRE 901, 902. Rocha testified that the Correctional Treatment Center (where Alexandre was housed) had its own food services and prepared its own food and that would fall under CCHCS. They have their own kitchens and diners and dietitians separate from |

---

[1] Gastelo objects to this statement because Plaintiffs make factual assertions, unsupported by any citation to evidence.
[2] Gastelo objects to this statement because Plaintiffs make factual assertions, unsupported by any citation to evidence.

| Material Objected To | Grounds for Objection |
|---|---|
| | the general population. (Rocha Deposition at 13:21-14:2 |
| 3.  Plaintiffs' Additional Fact # 40.<br><br>Subsequently, on January 13, 2018 Plaintiff was transferred to California Men's Colony: Mental Health Crisis Beds Facility ("CMC"). | Misstates Evidence only because Plaintiff was transferred on to CMC to the MHCB on January 12, 2018. FRE 901, 902. |
| 4.  Plaintiffs' Additional Fact # 42.<br><br>While at CMC Plaintiff was not showing signs towards recovery… and his symptoms were worsening.  As as a result, on January 17, 2018 Dr. Joshua Elliott …..  Dr. Elliot's documentation in the paperwork for the involuntary medication order shows that CMC was aware that Plaintiff had previous mental health hospitalizations in 2015.<br><br>(Exhibit E) | Violates Best Evidence rule. FRE 901-902.<br><br>Improper Lay Witness Opinion. FRE 701.<br><br>Irrelevant.  FRE 401, 402.<br><br>Lack of Personal Knowledge.  FRE 602<br><br>Inadmissible Hearsay.  FRE 802. |
| 5.  Plaintiffs' Additional Fact # 43.<br><br>During his time at CMC Plaintiff was placed on plastic safety restrictions by CMC staff, amongst other suicide safety protocols.<br><br>Exhibit E, Involuntary Medication Notice Exhibit B, Rocha Dep. at pg. 15. | Misstates evidence to the extent that the evidence cited does not support the fact.  FRE 901, 902.<br><br>Lacks foundation to the extent that the evidence cited does not support the fact.  FRE 601, 602 |
| 6.  Plaintiffs' Additional Fact # 45.<br><br>Plaintiff was not the first inmate to attempt suicide by the means of injesting cellophane.<br><br>Exhibit D, Carda Dep. at pg. 18, 23. | Irrelevant.  FRE 401, 402. |
| 7.  Plaintiffs' Additional Fact # 45.<br><br>Death by cellophane injection is easily preventable<br><br>Plaintiffs' Ex. D, Carda Dep. at pg. 18, 23. | Irrelevant.  FRE 401, 402.<br><br>Improper Lay Witness Opinion. FRE 701.<br><br>Lack of Personal Knowledge.  FRE 602. |

| Material Objected To | Grounds for Objection |
|---|---|
|  | Misstates evidence. FRE 901-902. Dr. Carda answered "No" to the question about whether it would have been a lot of extra effort on the part of the prison to make sure that whatever food Mr. Touloudjian was given was not wrapped. Carda Deposition 18:19-25. |
| 8. Plaintiffs' Additional Fact # 46<br><br>Plaintiff was never supposed to receive cellophane.<br><br>Exhibit D, Carda Dep. at pg. 22. | Misstates evidence in light of newly discovered information. FRE 901, 902.<br><br>See Declaration of A. Carda (Carda Decl.) and Ex. 3 and Ex. 4, Errata. Based on information learned after deposition Dr. Carda corrected her testimony and answered "no" because the policies and procedures precluding provision of cellophane-wrapped food items was not in place at the time of Alexandre's suicide. |
| 9. Plaintiffs' Additional Fact # 47.<br><br>Gastelo approves the policies of the facility.<br><br>Plaintiffs' Ex. A, Gastelo Dep. at p. 30. | Misstates Evidence. FRE 901-902.<br><br>Gastelo testified that she is not responsible for healthcare policies and procedures which have their own set of policies and procedures.<br><br>Plaintiffs' Ex. A, Gastelo Dep. at 30:11-31:1, 43:23-45:7-46:6, ECF No. 102-1. |
| 10. Plaintiffs' Additional Fact # 48.<br><br>Custody staff provided Plaintiff with cellophone wrapped food. It was the custody staff's responsibility to review the contents of the food tray to ensure that it was in compliance with all safety protocols in place before providing it to the inmate.<br><br>Opp'n at 7:6-10. | Misstates Evidence. FRE 901-902.<br><br>Custody staff provided coverage to nursing staff who delivered trays to patients and unlocked the tray slots. They do not handle the food.<br><br>Plaintiffs' Ex. B Rocha Deposition 17:22-18-8, ECF 102-2.<br><br>Declaration of M. Rocha at ¶ 8, ECF 98-6.<br><br>The MHCB kitchen staff were responsible to verify that Alexandre's meal tray complied with clinical orders and policies and procedures. |

4

| Material Objected To | Grounds for Objection |
|---|---|
| | Declaration of L. Arace at ¶ 15 and **Ex. 1** FANS P&P at AGO 9327, Section 1 (I)-(III) and AGO 9327, Section 17 (I) and (III). |
| 11. Plaintiffs' Additional Fact # 49 Custody staff defied a directive, provided an inmate on 1:1 suicide watch with plastic cellophane wrapped food which directly resulted in his death.<br><br>Opp'n at 9:13-17, ECF No. 102. | Misstates evidence. FRE 901, 902.<br><br>Alexandre was not on a 1:1 suicide watch.<br><br>(SUF 19, ECF No. 98-1)<br><br>Custody staff provided coverage to nursing staff who delivered trays to patients and unlocked the tray slots. They do not handle the food.<br><br>Plaintiffs' Ex. B Rocha Deposition 17:22-18-8, ECF 102-2.<br><br>Declaration of M. Rocha at ¶ 8, ECF 98-6.<br><br>The MHCB kitchen staff were responsible to verify that Alexandre's meal tray complied with clinical orders and policies and procedures.<br><br>Declaration of L. Arace at ¶ 15 and **Ex. 1** FANS P&P at AGO 9327, Section 1 (I)-(III) and AGO 9327, Section 17 (I) and (III).<br><br>There was no directive precluding provision of cellophane-wrapped food items at the time of Alexandre's suicide.<br><br>See Declaration of A. Carda (Carda Decl.) and Ex. 3 and Ex. 4, Errata. Based on information learned after deposition Dr. Carda corrected her testimony because the policies and procedures precluding provision of cellophane-wrapped food items was not in place at the time of Alexandre's suicide.<br><br>Lacks foundation. FRE 601, 602.<br><br>Improper Lay Witness Opinion. FRE 701. |

5

| Material Objected To | Grounds for Objection |
|---|---|
|  | Lack of Personal Knowledge.  FRE 602. |

Dated:  September 1, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
CHAD A. STEGEMAN
Supervising Deputy Attorney General


/s/ *Corinna S. Arbiter*

CORINNA S. ARBITER
Deputy Attorney General
*Attorneys for Defendant*
*J. Gastelo*

SA2020101463