Rob Bonta
Attorney General of California
Chad A. Stegeman
Supervising Deputy Attorney General
Corinna S. Arbiter
Deputy Attorney General
State Bar No. 273074
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  P.O. Box 85266
  San Diego, CA 92186-5266
  Telephone: (619) 321-5799
  Fax: (619) 645-2061
  E-mail: Corinna.Arbiter@doj.ca.gov
*Attorneys for Defendant Gastelo*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| **ESTATE OF ALEXANDRE TOULOUDJIAN, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**J. GASTELO**<br><br>Defendants. | 2:20-cv-00520-FLA-KS<br><br>**STIPULATION AND [PROPOSED] ORDER TO MODIFY SCHEDULING ORDER**<br><br>Judge:        Hon. Fernando L. Aenlle-Rocha<br>Trial Date:   10/31/2023<br>Action Filed: 1/17/2020 |

Plaintiffs Estate of Alexandre Touloudjian and Sarkis Touloudjian, and

Defendant Gastelo, by and through their respective counsel, submit this stipulation

and joint motion to vacate the deadlines set forth in the discovery and scheduling

order entered on July 25, 2022, ECF No. 78.

1.     On September 12, 2023, the Court continued the hearing for

Defendant's Motion for Summary Judgment (MSJ) from September 15, 2023, to

November 17, 2023, 17 days after trial is scheduled to begin. (ECF No. 113.) The

MSJ has been fully briefed since September 1, 2023. (ECF No. 112.) The Court's

Standing Order states that the summary judgment hearing is to occur in advance of the Final Pretrial Conference.  (Order: 8:17-18, ECF No. 53).

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 319 (1986).  The use of the term "shall" in Federal Rule of Civil Procedure 56(a)—"[t]he court shall grant summary judgment"— mandates the entry of summary judgment, if, as required under 56(c), a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  (*Id.*)

Accordingly, trial in this case should not be held if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that Defendant is entitled to a judgment as a matter of law.

By setting the date of the MSJ hearing after the trial, the Court has effectively denied the MSJ as moot.  Setting the MSJ hearing after the trial is improper.  "[A] trial court may not deny summary judgment in a case which there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

2.     Plaintiffs, the Estate of Alexandre Touloudjian, and Sarkis Touloudjian, assert an Eighth Amendment supervisory liability claim and a survival action against Defendant Gastelo, former warden of California Men's Colony (CMC) concerning the suicide of Decedent, Alexandre Touloudjian, while incarcerated at CMC.  (Order, ECF No. 68.)  Pursuant to the Schedule of Pretrial and Trial Dates, Trial Requirements, and Conduct of Attorneys and Parties, ECF No. 78, trial is scheduled for October 31, 2023.  The Final Pre-Trial Conference is scheduled for October 13, 2023.  (*Id.*)  The first and second round of Pre-Trial filings are due on September 15, 2023, and September 29, 2023, respectively.  (*Id.*)
///

3.      On July 7, 2023, Defendant Gastelo timely filed and served her MSJ, which if granted, would be dispositive of the entire case.  (MSJ, ECF No. 98.)  The hearing on the MSJ was originally scheduled for August 18, 2023, which complied with the deadline set in the Scheduling Order, ECF No. 78.  (*Id.*)  Plaintiffs requested a continuance of time to oppose.  (Request for Extension of Time (EOT) ECF No. 99.)  Plaintiffs timely filed their Opposition to the MSJ on July 28, 2023.  (ECF No. 102.)  Thereafter, the Court granted Plaintiffs' EOT, set August 25, 2023, as the deadline for Plaintiffs to file an amended opposition, continued the deadline for Defendant's Reply until September 1, 2023, and continued the hearing on the MSJ until September 15, 2023.  (ECF No. 106.)  Plaintiffs did not file an amended opposition.  Defendant filed a timely reply.  (ECF No. 112).

4.      The parties have been diligent in moving this case forward. (Declaration of Corinna S. Arbiter (Arbiter Decl.) at ¶¶ 1-27.)  There were two requested continuances of the trial and trial-related dates, only one of which was granted.  (*Id.* at ¶¶ 13, 17.)

5.      The Complaint was filed in January 2020.  (ECF No. 1.)  Defense counsel was not retained for then-named defendants until May 2020, and they requested and received an extension of time to respond to the Complaint.  (*Id.* at ¶ 5.)  For the next two years, Defendant filed Federal Rule of Civil Procedure[1] 12(b)(6) Motions challenging four iterations of Plaintiffs Complaint.  (*Id.* at ¶¶ 6, 7, 8, 10, 12, 14.)  These challenges had merit as evidenced by the Court rulings.  (*Id.*) The fourth 12(b)(6) motion was fully briefed on July 16, 2021.  (*Id.* at ¶ 14.) Almost one year later, on May 3, 2022, the Court granted the motion in part, allowing Plaintiffs Eighth Amendment Supervisory Liability claim and Code of Civil Procedure § 377.34 Survival Action to proceed against Defendant in her individual capacity only.  (*Id.*)  The Court ordered Defendant to Answer, and the

---

[1] All further statutory references are to the Federal Rules of Civil Procedure unless otherwise indicated.

1   case was at issue on May 17, 2022.  (*Id.*)  The Court issued the operative

2   Scheduling Order on July 25, 2022.  (*Id.* at ¶ 15.)

3       6.    During the pendency of the 12(b)(6) motions through July 2023, the

4   parties exchanged written discovery.  (Arbiter Decl. at ¶ 16.)  Depositions were

5   completed by July 20, 2023.  (*Id.* at ¶ 18.)  As set forth in paragraph 2, *supra,*

6   Defendant's filed their MSJ in time for a hearing on August 18, 2023.  (*Id.* at ¶¶ 18-

7   19.)  On August 24, 2023, the parties participated in a Mandatory Settlement

8   Conference with Magistrate Judge Stevenson, but the case did not resolve.  (*Id.* at ¶

9   20.)

10       7.    On September 1, 2023, the parties conducted the Local Rule 16-2

11   meeting.  The parties have exchanged jury instructions and special verdict forms

12   and are preparing their respective objections to proposed jury instructions and

13   special verdict forms, as well as their Memoranda of Contentions of Fact and

14   Conclusions of Law as best they can, noting that without a ruling on the MSJ, they

15   cannot narrow the scope of the case.  (*Id.* at ¶¶ 21-24.)

16       8.    On September 12, 2023, Defendant's counsel, with agreement from

17   Plaintiffs' counsel requested to know, via email to the Court Clerk, if the Court

18   would be continuing the trial and trial related deadlines based on the continuation of

19   the MSJ hearing until after trial commences.  (Arbiter Decl. at ¶ 25.)  Although the

20   email was incorrectly sent to the Magistrate Judge's Courtroom Deputy Clerk, she

21   forwarded the email to Your Honor's Courtroom Deputy Clerk on the same date.

22   (*Id.*)  On September 13, 2023, Defense Counsel left a voice message for the

23   Courtroom Deputy Clerk following up on the emailed request.  (*Id.*)  As of the date

24   and time of this writing, Defense Counsel has not received a response to the email

25   or the voice mail message.  (*Id.*)

26       9.    In light of the Court's continuation of the MSJ hearing until after the

27   trial, the parties cannot adequately prepare for trial.  (Arbiter Decl. at ¶ 26.)  The

28   first round of trial filings is due on September 15, 2023.  (Order, ECF No. 78.)  The

1   parties learned after work on the first round of pre-trial documents had commenced
2   that the hearing on the MSJ will now take place after trial begins, and likely
3   concludes.  (Arbiter Decl. at ¶ 19.)  However, until the Court makes a determination
4   on the MSJ, it is impossible for the parties to correctly identify the issues of law
5   and fact, complete jury instructions and special verdict forms, identify and prepare
6   necessary motions *in limine*, and identify appropriate exhibits and witnesses.  The
7   facts and law may be more expansive if the Court denies the MSJ, narrower, if the
8   Court partially grants the MSJ, or moot if the MSJ is granted in full.

9          10.    Fact discovery and expert discovery have concluded.  (Arbiter Decl. at
10  ¶¶16, 18.)  Both parties have complied with the Court ordered deadlines to file the
11  MSJ, opposition, and reply, dedicating significant hours to the effort.  (*Id.* at ¶¶ 19,
12  26.)

13         11.    This request to continue the trial and trial-related dates is made
14  pursuant to the Court's courtroom procedures regarding continuances.  In light of
15  the recent Order, ECF 113, continuing the hearing on the MSJ scheduled for
16  September 15, this request does not fall at least two weeks before the first deadline
17  discussed above, but was made as soon as possible in light of the circumstances.
18  (Arbiter Decl. at ¶ 27.)

19         12.    Based on the efforts of the parties to move this case forward, their
20  diligence in meeting Court-ordered deadlines, and the Court order continuing the
21  hearing of Defendant's MSJ until after the trial has begun, the parties request that
22  the Court continue the trial and trial-related dates as set forth in the Proposed Order.

23                              **STIPULATION**
24         IT IS HEREBY STIPULATED AND AGREED as follows:
25         1.  The Court may vacate the current trial date of October 31, 2023, and set a
26             new trial date for January 30, 2024, at 8:30 a.m.
27         2.  The Final Pretrial Conference will be re-set for January 12, 2024, at 1:00
28             p.m.

3. The First round of Trial filings shall be due on December 15, 2023.

4. The Second round of Trial filings shall be due on December 29, 2023.

**SO STIPULATED:**

Dated: September 14, 2023

ROB BONTA
Attorney General of California
CHAD A. STEGEMAN
Supervising Deputy Attorney General

/s/ *Corinna S. Arbiter*
CORINNA S. ARBITER
Deputy Attorney General
*Attorney for Defendant*
*J. Gastelo*

Dated: September 14, 2023

*/s/ Keith Altman*
KEITH ALTMAN
*Attorneys for Plaintiffs*

**ATTESTATION OF CORINNA S. ARBITER**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to all persons required to sign the document and have obtained authorization for the electronic signatures of all parties on the document.

Dated: September 14, 2023

/s/ *Corinna S. Arbiter*
CORINNA S. ARBITER

**DECLARATION OF CORINNA S. ARBITER**

1.     I, Corinna S. Arbiter, make this declaration in support of the Joint Motion and Stipulation to Modify the Scheduling Order, ECF No. 78.  I make this declaration based upon my own knowledge, as explained below.  If called, I can testify competently to the facts contained in this declaration for the reasons discussed below.

2.     I am an attorney licensed to practice in the State of California and am admitted to the United States District Court for the Eastern District of California.  I am employed by the California Office of the Attorney General as a Deputy Attorney General.

3.     I became the primary deputy attorney general for Defendant Gastelo in January 2023.   Following is a summary of relevant matters, which form the basis of this request to continue the trial and trial-related dates.

4.     Plaintiffs' Complaint was filed on January 17, 2020.  (ECF No. 1.)

5.     On May 6, 2020, the defendants requested an extension of time to file a responsive pleading, which was granted on May 7, 2020.  (ECF Nos. 12, 13.)

6.     The named defendants filed a Motion to Dismiss on June 25, 2020.  The Motion to Dismiss was denied based on failure to comply with Local Rule 7-3, and Defendants were directed to Answer or file another Motion to Dismiss by July 21, 2020.  (ECF Nos. 14-16, 19.)

7.     Defendants renewed their Motion to Dismiss on July 21, 2020, and it was granted on August 4, 2020.  (ECF Nos. 22-25.)

8.     Plaintiffs filed their First Amended Complaint on August 10, 2020.  (ECF No. 26.)

9.     Between August 19, 2020 and August 21, 2020, the parties jointly requested that the Court continue the Initial Scheduling Conference, but the request was denied.  (ECF Nos. 27-31.)

///

10.    On August 25, 2020, Defendant Gastelo filed a Motion to Dismiss the First Amended Complaint.  (ECF No. 32.)  After the Motion was fully briefed, the Court took it under submission.  (ECF No. 37, 29, 40.)

11.    The parties jointly filed their Federal Rules of Civil Procedure 26(f) report.  The Court issued a scheduling and case management order, setting trial for September 14, 2021.  (ECF Nos. 33-34.)  Thereafter, the parties filed a Stipulation requesting a change in the disclosure deadlines, which was granted.  (ECF Nos. 36, 38.)

12.    Plaintiffs then filed a Motion for Leave to Amend the Complaint, which was not opposed.  (ECF Nos. 41, 42.)  Leave was granted to file the Second Amended Complaint which was then filed on November 30, 2020.  (ECF No. 43, 44.)  Defendant filed a Motion to Dismiss the Second Amended Complaint which was then fully briefed by December 28, 2020.  (ECF No. 45-47.)

13.    On December 30, 2020, this case was transferred to Your Honor. (ECF No. 48.)  On February 3, 2021, the Court took the Motion to Dismiss under submission.  (ECF Nos. 48-50.)  On February 12, 2021, the parties requested and leave was granted to vacate the Discovery and Scheduling deadlines set by Judge Olguin because the Court had not yet ruled on Defendant's Motion to Dismiss the Second Amended Complaint and trial deadlines loomed.  (ECF Nos. 51-52.)

14.    On May 24, 2021, the Court granted Defendant's Motion to Dismiss. (ECF No. 54.)  Plaintiffs filed the operative Third Amended Complaint timely. (ECF No. 55.)  Defendant filed a Motion to Dismiss.  (ECF No. 56.)  After the Motion was fully briefed (ECF Nos. 57-59, 61), the Court took the matter under submission on July 20, 2021 but did not issue a ruling for ten months until May 3, 2022.  (ECF No. 68.)  The delay in the Court's ruling may have been in deference to a request by Plaintiffs' counsel to vacate deadlines because of a personal matter. (ECF No. 65.)  Pursuant to the Court's Order on the Motion to Dismiss, the case moved forward with an Eighth Amendment Supervisory Liability claim and a Code

8

of Civil Procedure § 377.34 Survival Action.  Defendant answered the operative Third Amended Complaint on May 17, 2022.  (ECF No. 70, 79)

15.     On July 25, 2022, the Court issued the Schedule of Pretrial and Trial Date, Trial Requirements, and Conduct of Attorneys and Parties (Scheduling Order) and referred the matter to ADR.  (ECF Nos. 77-78.)  The dates in the Scheduling Order are still the operative deadlines.

16.     The parties engaged in written discovery beginning in October 2020, and began taking depositions in May 2023.

17.     The parties jointly sought a continuance of the trial and trial-related deadlines in May 2023, because Plaintiffs had requested depositions of California Department of Corrections and Rehabilitation witnesses pursuant to Federal Rules of Civil Procedure 30(b)(6) from, and identifying the appropriate witnesses and collecting the requested documents required additional time given the nature of the information sought.  (ECF No. 85.)  Thus, the parties could not complete fact discovery by the Court ordered deadline.  (*Id.*)  The Court denied the request.  (ECF No. 89.)

18.     The parties completed fact discovery by July 20, 2023, and Defendant's MSJ was timely filed so that the hearing could take place on August 18, 2023, pursuant to the Scheduling Order.

19.     Plaintiffs requested leave for additional time to oppose the MSJ, but as the Court did not respond before the deadline to file the Opposition, Plaintiffs filed their opposition on July 28, 2023.  (ECF Nos. 99, 101.)  The Court ruled on the requested extension three days after Plaintiffs filed their Opposition, granting an additional month for Plaintiffs to file an Amended Opposition, and providing Defendant until September 1, 2023, to file the Reply.  (ECF No. 105.)  The Court also continued the hearing from August 18, 2023, until September 15, 2023. Plaintiffs did not file an Amended Opposition.  Defendant timely filed her Reply. (ECF No. 112.)  The matter has been completely briefed since September 1, 2023.

(ECF Nos. 98, 102, 112.)  On September 12, 2023, the Court continued the hearing on Defendants MSJ until November 17, 2023.  This date is after the trial is scheduled to begin.

20.    On August 24, 2023, Chief Magistrate Judge Karen Stevenson conducted a mandatory settlement conference with the parties.  The case did not resolve.

21.    On September 1, 2023, Plaintiffs' counsel, Supervising Deputy Attorney General Sarah Singer, and I met pursuant to Local Rule 16-2.  We had a further follow up meeting on September 12, 2023.

22.    The parties have prepared and exchanged jury instructions and special verdict forms.  Defense Counsel are preparing respective objections to proposed jury instructions and special verdict forms, as well as the Memoranda of Contentions of Fact and Conclusions of Law.  The parties are preparing Joint Exhibit Lists, and exchanging witness lists.

23.    The parties have been working cooperatively to complete pre-trial preparation even absent the Court's ruling on the MSJ.

24.    The jury instructions, special verdict forms, motions *in limine*, exhibits and exhibit lists, witness lists, memorandums of contentions of fact and conclusions of law, and trial briefs will need to be modified based on the Court's ruling on the MSJ.

25.    On September 12, 2023, with agreement from Plaintiffs' counsel I sent an email to the Courtroom Deputy Clerk requesting to know if the Court would be continuing the trial and trial-related deadlines based on the continuation of the MSJ hearing until after the trial date.  Although the email was incorrectly sent to the Magistrate Judge's Courtroom Deputy Clerk, the Magistrate Judge's Court Clerk forwarded the email to Your Honor's Courtroom Deputy Clerk on the same date.  A true and correct copy of the email is attached as Exhibit 1.  On September 13, 2023, I left a voice message for the Courtroom Deputy Clerk following up on the emailed

request.  As of the date and time of this writing, I have not received a response to the email or the voice mail message.

26.    The parties have expended significant time and effort, and incurred the related expenses filing the MSJ (ECF No. 98), the Opposition (ECF No. 102), and the Reply (ECF No. 112).

27.    This joint stipulation was filed as soon as was reasonably possible after the parties learned that the Court continued the MSJ hearing until after the trial date.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of September, 2023, in San Diego, California.


/s/ *Corinna S. Arbiter*
CORINNA S. ARBITER

SA2020101463
84146865.docx