1  Keith Altman (SBN 257309)
2  THE LAW OFFICE OF KEITH ALTMAN
3  33228 W 12 Mile Road, Suite 375
4  Farmington Hills, MI 48334
5  (248) 987-8929
6  keithaltman@kaltmanlaw.com
7  *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ESTATE OF ALEXANDRE TOULOUDJIAN, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>JOSIE GASTELO, in her individual capacity,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-0520-FLA (KS)<br><br>**PLAINTIFFS' UNOPPOSED MOTION IN LIMINE REGARDING INTRODUCTION OF EVIDENCE**<br><br>Judge: Hon. Fernando L. Aenlle-Rocha<br>Trial Date: October 31, 2023<br>Action Filed: January 17, 2020 |

## INTRODUCTION

Plaintiff seeks to exclude his prior criminal convictions from being admitted into evidence during this civil trial, in which Plaintiff alleges that Defendant Gastelo was deliberately indifferent to his medical needs, in violation of his civil rights.

## ARGUMENT

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See *Luce v. United States*, 469 U.S. 38, 40 n.2

1  (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the
2  expeditious and evenhanded management of the trial proceedings." *Jonasson v. Lutheran*
3  *Child and Family Services*, 115 F.3d 436,440 (7th Cir. 1997).  A motion in limine allows
4  the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial
5  evidence being presented in front of the jury, thereby relieving the trial judge from the
6  formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350
7  F.3d 985, 1004-05 (9th Cir. 2003). Additionally, some evidentiary issues are not accurately
8  and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer
9  ruling until during trial when the trial judge can better estimate the impact of the evidence
10 on the jury. *Jonasson*, 115 F.3d at 440.

11  The Federal Rules of Civil Procedure provide that generally relevant evidence is
12 admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to
13 make a fact more or less probable than it would be without the evidence; and (b) the fact
14 is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence can be
15 excluded "if its probative value is substantially outweighed by a danger of one or more of
16 the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,
17 wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

18  Plaintiff brings motions in limine to exclude evidence pf Plaintiff's prior criminal
19 charges and/or convictions.

20  Rule 404(b) of the Federal Rules of Evidence applies in both criminal and civil cases.
21 *Huddleston v. United States*, 485 U.S. 681, 685 (1988)). "Evidence of a crime, wrong, or
22 other act is not admissible to prove a person"s character in order to show that on a particular
23 occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

24  "However, evidence of earlier behavior is admissible for other purposes „such as
25 proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of
26 mistake or accident. . .." " *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 947 (9th
27 Cir. 2009) (quoting Fed. R.18    Evid. 404(b).

28

Plaintiff was incarcerated at the time of the events that led to the filing of this lawsuit. The fact that Plaintiff was a prison will be known to the jury. However, Plaintiff seeks to exclude evidence in relation to Plaintiff's prior crimes and/or convictions. Plaintiff's claims are for Defendants deliberate indifference to Plaintiff's medical needs. The circumstances of his incarceration are not relevant to the present civil matter. Introduction of Plaintiff's prior criminal acts and/or convictions would be prejudicial to the Plaintiff. Introduction of the evidence would be more prejudicial than probative.

## CONCLUSION

Based on the foregoing, Defendant respectfully request that Plaintiff's prior criminal acts and/or convictions be excluded from admittance into evidence in the present civil case.

Dated: September 15, 2023

Respectfully Submitted,

THE LAW OFFICE OF KEITH ALTMAN

By: */s/ Keith Altman*
Keith Altman (SBN 257309)
THE LAW OFFICE OF KEITH ALTMAN
33228 W 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(248) 987-8929
keithaltman@kaltmanlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023, I electronically filed the foregoing documents with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished via the CM/ECF system.

*/s/ Keith Altman*
Keith Altman, Esq