1  Keith Altman (SBN 257309)

2  THE LAW OFFICE OF KEITH ALTMAN

3  33228 W 12 Mile Road, Suite 375

4  Farmington Hills, MI 48334

5  (248) 987-8929

6  keithaltman@kaltmanlaw.com

7  *Attorneys for Plaintiffs*

8
9           **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
10                      **WESTERN DIVISION**

11

12  ESTATE OF ALEXANDRE          Case No. 2:20-cv-0520-FLA (KS)
    TOULOUDJIAN, et al.,
13                               **PLAINTIFFS' MEMORANDUM OF**
                    Plaintiffs,  **CONTENTIONS OF FACT AND**
14                               **LAW**
         vs.
15                               Judge: Hon. Fernando L. Aenlle-Rocha
16  JOSIE GASTELO, in her individual   Trial Date: October 31, 2023
    capacity,                    Action Filed: January 17, 2020
17
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................ii

I.    PLAINTIFF'S CLAIMS ......................................................................... 1

   A.  Summary of Claims Plaintiffs Plan to Pursue .................................. 1

   B.  Elements of Plaintiff's Claims and Evidence in Support ................... 1

      1.  Claim 1: Violation of Plaintiff's 8th Amendment Rights under 42 U.S.C. §1983. 1

         a.  Elements – Supervisory Liability under 42 U.S.C. §1983 ................................ 1

         b.  Elements – 8th Amendment................................................................... 1

         c.  Key Evidence in Support ........................................................ 2

      2.  Claim 2: Violation of Plaintiff's 8th and 14th Amendment rights under 42 U.S.C. §1983............................................................................................ 2

         a.  Elements – Liability under 42 U.S.C. §1983 .................................... 2

         b.  Elements – 8th Amendment................................................... 3

         c.  Elements – 14th Amendment................................................ 3

         d.  Key Evidence in Support ........................................................ 3

      3.  Claim 3: Survival Action ..................................................... 4

         a.  Elements – 8th Amendment.................................................. 4

         b.  Key Evidence in Support ........................................................ 4

II.   DEFENDANTS COUNTERCLAIMS AND AFFIRMATIVE DEFENSES ............ 5

III.  PLAINTIFF'S POSITION ON ANTICIPATED EVIDENTIARY ISSUES ............ 5

V.    BIFURCATION OF ISSUES ................................................................... 5

VI.   DEMAND FOR JURY TRIAL................................................................. 5

VII.  ATTORNEYS FEES ............................................................................ 5

VIII. ABANDMENT OF ISSUES ................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Conn v. City of Reno,* 591 F.3d 1081, 1096 (9th Cir. 2010) ................................. 4

*Franklin v. Terr*, 201 F.3d 1098, 1100 (9th Cir. 2000) ..................................... 2

*Ross v. Morgan Stanley Smith Barney, LLC*, 2013 WL 1344831, *3 (C.D. Cal. 2013) ..... 5

*Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) ..... 5

**Statutes**

28 U.S.C. § 2412 ........................................................................ 5, 6

42 U.S.C. §1983 ......................................................................... 1, 2

42 U.S.C. § 1988 ........................................................................... 6

**Rules**

California Code of Civil Procedure § 377.20 ............................................ 4

California Code of Civil Procedure § 377.30 ............................................ 4

**Constitutional Provisions**

U.S. Const. amend. VIII ............................................................. 1, 3, 4

U.S. Const. amend. XIV ............................................................. 1, 2, 3

**Additional Authorities**

Ninth Circuit Manual of Model Civil Jury Instructions § 9.3 (2017) .................. 2

Ninth Circuit Manual of Model Civil Jury Instructions § 9.4 (2017) ................. 1

Ninth Circuit Manual of Model Civil Jury Instructions § 9.27 (2017) .............. 2, 3, 4

Ninth Circuit Manual of Model Civil Jury Instructions § 9.30 (2017) .............. 3

I.      **PLAINTIFF'S CLAIMS**

      A.      **Summary of Claims Plaintiffs Plan to Pursue**

      Plaintiff's Amended Complaint states three claims against Defendants. Specifically:

      <u>Claim 1:</u> Defendant violated 42 U.S.C. §1983 when it violated Plaintiff's Eighth Amendment right to adequate medical treatment.

      <u>Claim 2:</u> Defendant violated 42 U.S.C. §1983 when it violated Plaintiff's Eighth Amendment and Fourteenth Amendment rights.

      <u>Claim 3:</u> Defendants actions are grounds for a survival action on the part of decedent's estate.

      B.      **Elements of Plaintiff's Claims and Evidence in Support**

            1.      **Claim 1: Violation of Plaintiff's 8th Amendment Rights under 42 U.S.C. §1983.**

                  a.      **Elements – Supervisory Liability under 42 U.S.C. §1983**

      In order to prevail on Plaintiff's §1983 claim against the supervisory Defendant, Warden Gastelo, Plaintiff must prove each of the following elements by a preponderance of the evidence:

      1)      The supervisory Defendant acted under color of state law;

      2)      The actions on the part of the supervisory Defendant's subordinates deprived Plaintiff of his rights under the Constitution.

      3)      The supervisory Defendant directed her subordinates in the acts that deprived Plaintiff of his constitutional rights.

      *See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.4 (2017).

                  b.      **Elements – 8th Amendment**

      Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." This includes the right to adequate medical care. In order to prove defendant deprived the plaintiff of this right, the plaintiff must prove the following elements by a preponderance of the evidence:

1      1)      The Plaintiff faced a substantial risk of serious harm.

2      2)      The Defendant was deliberately indifferent to the risk of suicide, that is, the

3      Defendant knew of it and disregarded it by failing to take reasonable

4      measures to address it; and

5      3)      Defendant's failure to act caused harm to the Plaintiff.

6      *See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.27 (2017).

### c.      Key Evidence in Support

The following key evidence provides support for the above claim against Defendant Gastelo: (1) Documentation such as incident reports compiled by witnessing officers, mental health observation records, medication logs, daily activity reports, direct reports from watch commanders, and reports from the Chief Medical Executive – all of which provide evidence as to decedent's health and actions taken by Defendant and staff to address it; (2) Documentation regarding Defendant Gastelo's activities on the days leading up to and day of decedent's last suicide attempt; and (3) Witness testimony regarding both the day-to-day activities of Defendant and Defendant's staff leading up to decedent's suicide and the activities that took place on the day of decedent's last suicide attempt. This is not intended to be an exhaustive summary of all such evidence.

### 2.      Claim 2: Violation of Plaintiff's 8th and 14th Amendment rights under 42 U.S.C. §1983.

### a.      Elements – Liability under 42 U.S.C. §1983

In order for plaintiff to prevail on a §1983 claim against defendants, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1)      Defendants acted under color of state law; and

2)      Defendants' act or failure to act deprived Plaintiff of their particular rights under the United States Constitution.

*See Franklin v. Terr*, 201 F.3d 1098, 1100 (9th Cir. 2000); Ninth Circuit Manual of Model Civil Jury Instructions § 9.3 (2017).

### b.       Elements – 8th Amendment

Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." This includes the right to adequate medical care. In order to prove defendant deprived the plaintiff of this right, the plaintiff must prove the following elements by a preponderance of the evidence:

1) The Plaintiff faced a substantial risk of serious harm.

2) The Defendant was deliberately indifferent to the risk of suicide, that is, the Defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3) Defendant's failure to act caused harm to the Plaintiff.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.27 (2017).

### c.       Elements – 14th Amendment

To prevail on a claim brought under the 14th Amendment, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1) The Defendants made an intentional decision regarding the denial of needed medical care;

2) The Defendants denial of needed medical care put the Plaintiff at substantial risk of suffering serious harm;

3) The Defendant did not take objectively reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable officer under the circumstances would have understood the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

4) By not taking such measures the Defendant caused the Plaintiff's injuries.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.30 (2017).

### d.       Key Evidence in Support

The following key evidence provides support for the above claim against

Defendants: (1) Documentation such as incident reports compiled by witnessing officers, mental health observation records, medication logs, daily activity reports, direct reports from watch commanders, and reports from the Chief Medical Executive – all of which provides evidence as to decedent's health and actions taken by Defendants to address it, (2) Witness testimony regarding both the day-to-day activities of Defendants leading up to decedent's suicide and the activities that took place on the day of decedent's last suicide attempt. This is not intended to be an exhaustive summary of all such evidence.

### 3.      Claim 3: Survival Action

Under California Code of Civil Procedure § 377.20, a cause of action for or against a person is not lost by reason of the person's death but survives subject to the applicable limitations period. Under § 377.30 of the same Code, "a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest…and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Under 42 U.S.C. § 1983, a decedent's survivors may bring a claim for the violation of their substantive constitutional rights or those of the decedent. *See, e.g., Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010).

### a.      Elements – 8th Amendment

1) Plaintiff is decedent's successor in interest.

2) The decedent faced a substantial risk of serious harm.

3) The Defendant was deliberately indifferent to the risk of decedent's suicide, that is, the Defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

4) Defendant's failure to act caused harm to the decedent.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 9.27 (2017).

### b.      Key Evidence in Support

The following key evidence provides support for the above claim against

Defendants: (1) Documentation such as incident reports compiled by witnessing officers, mental health observation records, daily activity reports, medication logs, direct reports from watch commanders, and reports from the Chief Medical Executive – all of which provides evidence as to decedent's health and actions taken by Defendant and staff to address it, and (2) Witness testimony regarding both the day-to-day activities of Defendant and Defendant's staff leading up to decedent's suicide and the activities that took place on the day of decedent's last suicide attempt. This is not intended to be an exhaustive summary of all such evidence.

## II.   DEFENDANTS COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

The defenses set forth by Defendants are based on failures to state a claim. "[F]ailure to state a claim is not an affirmative defense; it is a defect in a plaintiff's claim and not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid prima facie case." *Vogel v. Huntington Oaks Del. Partners, LLC,* 291 F.R.D. 438, 442 (C.D. Cal. 2013). "This allegation asserts a defect in [plaintiff's] case and should properly be brought as a motion to dismiss." *Ross v. Morgan Stanley Smith Barney, LLC,* 2013 WL 1344831, *3 (C.D. Cal. 2013). Because Defendants do not raise any cognizable affirmative defenses, there are no elements or evidence to identify individually.

## III.   PLAINTIFF'S POSITION ON ANTICIPATED EVIDENTIARY ISSUES

Plaintiff anticipates that evidentiary issues will arise in the lead-up to and during the course of the trial when certain exhibits or testimony are offered, but that these issues can be addressed at the time those issues are raised.

## V.   BIFURCATION OF ISSUES

Plaintiffs do not request any bifurcation at trial.

## VI.   DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury.

## VII.   ATTORNEYS FEES

Plaintiffs seek an award of attorneys' fees, costs, and expenses under 28 U.S.C. §

2412 and 42 U.S.C. § 1988. Under these statutes, if Plaintiffs are the "prevailing party" on their 42 U.S.C. § 1983 claim(s), they are entitled to reasonable costs and attorneys' fees.

## VIII.  ABANDOMENT OF ISSUES

Plaintiff has only abandoned those issues the Court expressly dismissed via its order partially granting Defendant's motion to dismiss. Plaintiffs are unaware of any issues Defendants have abandoned.


Dated: September 15, 2023                Respectfully Submitted,

                                         THE LAW OFFICE OF KEITH ALTMAN

                              By:     /s/ Keith Altman
                                      Keith Altman (SBN 257309)
                                      THE LAW OFFICE OF KEITH ALTMAN
                                      33228 W 12 Mile Road, Suite 375
                                      Farmington Hills, MI 48334
                                      (248) 987-8929
                                      keithaltman@kaltmanlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2023, I electronically filed the foregoing documents with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished via the CM/ECF system.


                                      /s/ Keith Altman
                                      Keith Altman, Esq.